**KNOWLEDGE A–Z, INC., Appellant,**

**v.**

**SENTRY INSURANCE, a mutual company, Appellee.**

No. 29A02–0711–CV–995.

Court of Appeals of Indiana.

July 28, 2008.

Rodney T. Sarkovics, Campbell Kyle Proffitt LLP, Carmel, IN, Attorney for Appellant.

Alan A. Bouwkamp, Newton Becker Bouwkamp Pendoski, PC, Indianapolis, IN, Attorney for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Knowledge A–Z, Inc. ("Knowledge") appeals the trial court's denial of its Motion to Correct Errors. We affirm, grant Sentry Insurance's request for attorney fees pursuant to Indiana Appellate Rule 66(E), and remand with instruction for the trial court to calculate the amount of Sentry Insurance's appellate attorney fees.

### Issues

Knowledge raises three issues on appeal, which we consolidate and re-state as:

I.  Whether the trial court abused its discretion in denying Knowledge's Motion to Correct Errors; and

II. Whether the trial court abused its discretion in awarding attorney fees to Sentry Insurance ("Sentry") for time spent litigating Knowledge's Motion to Correct Errors.

Meanwhile, Sentry asks this Court to remand the matter with instruction to calculate an award of its appellate attorney fees.

### Facts and Procedural History

In December 2002, Knowledge filed a proof of loss with Sentry, its insurer, for $1.3 million in information technology assets, alleging theft by an employee. Pursuant to terms in the insurance contract, Sentry sought to investigate the claim. Later, Sentry filed a declaratory action to establish that Knowledge was not entitled to coverage, alleging that Knowledge had failed to cooperate with the investigation, as required by the insurance contract. The trial court found that Knowledge "did not file a response or designate evidence to meet its burden in conformance with the requirements of Trial Rule 56 of the Indiana Rules of Trial Procedure." Appendix at 472. The trial court entered summary judgment for Sentry and ordered Knowledge to pay Sentry $936 in attorney fees. On appeal, this Court affirmed (*"Knowledge I "*) the trial court's

order. *Knowledge A–Z, Inc. v. Sentry Ins.*, 857 N.E.2d 411 (Ind.Ct.App.2006), *reh'g denied, trans denied.*

While transfer was pending, Knowledge filed with the trial court a "Motion for Relief from Judgment or Order Pursuant to Trial Rule 60(B)." App. at 476. In it, Knowledge alleged that Sentry had "perpetrate[d] a fraud on the court. The enormity of the fraud on the court in the Summary Judgment Motion influenced the Court's decision.... Trial Rule 60 is the correct conduit to counter the unjust result caused by the actions of Sentry." *Id.* at 476–77. Knowledge asserted that Sentry had committed the following four acts of fraud:

(1) misrepresenting "that Lovii Arora had an obligation to schedule an examination under oath"; (*Id.* at 477.)

(2) misrepresenting that Knowledge "failed to provide Sentry documentation that it requested pursuant to the insurance contract regarding the value of the allegedly converted property"; (*Id.* at 478.)

(3) arguing that the "failure to provide Sentry with records and documents requested is a violation of the insurance contract"; (*Id.* at 478.) and

(4) asserting that the principal officer of Knowledge had "failed to cooperate and or submit himself for examination under oath." (*Id.* at 479.)

Based upon these purported acts of fraud, Knowledge requested an evidentiary hearing on its Motion for Relief from Judgment.

After the Supreme Court denied transfer in *Knowledge I,* the trial court denied the Motion for Relief from Judgment.[1] Knowledge then filed a Motion to Correct Errors, arguing that the trial court erred in denying its Motion for Relief from Judg-

ment. Sentry objected and sought the award of its attorney fees in litigating Knowledge's Motion to Correct Errors. The trial court denied the Motion to Correct Errors and ordered Knowledge to pay Sentry $2,117.34, its cost in contesting the final motion.

Knowledge now appeals.

### Discussion and Decision

#### I. *Motion to Correct Errors*

■ Knowledge argues that the trial court's denial of its Motion to Correct Errors was an abuse of discretion. Specifically, it asserts that the trial court should have conducted an evidentiary hearing and entered special findings before ruling on its Motion for Relief from Judgment.

"The court, if it determines that prejudicial or harmful error has been committed, shall take such action as will cure the error." Ind. Trial Rule 59(J). We review for an abuse of discretion a trial court's decision on both a Motion to Correct Errors and a Motion for Relief from Judgment. *Palmer v. Comprehensive Neurologic Serv., P.C.,* 864 N.E.2d 1093, 1102 (Ind.Ct.App.2007), *trans. denied;* and *Brimhall v. Brewster,* 864 N.E.2d 1148, 1152–53 (Ind.Ct.App.2007), *trans. denied.* An abuse of discretion occurs when the decision is against the logic and effect of the facts and circumstances before the court, and inferences that may be drawn therefrom. *Palmer,* 864 N.E.2d at 1102.

As Knowledge failed to respond or designate evidence in response to Sentry's Motion for Summary Judgment, the trial court considered only the evidence designated by Sentry. *See* Ind. Trial Rule 56(C). Sentry designated its Complaint, the insurance policy, and correspondence reflecting its unsuccessful attempts to inspect certain documents and to obtain a

---

**1.** Sentry does not argue that this matter is res judicata.

sworn statement from Knowledge's president. This Court affirmed the entry of summary judgment and our Supreme Court denied transfer, thereby alleviating Sentry's duty to honor the insurance policy.

Here, Knowledge purports to allege fraud, but in fact, merely seeks to relitigate the underlying matter. Knowledge's Appendix does not contain its Answer and it failed to respond to Sentry's Motion for Summary Judgment. Nonetheless, a comparison of Knowledge's response to Sentry's Request for Admissions with the four purported frauds reveals essentially the same factual assertions and legal arguments. These issues were already resolved in *Knowledge I.* Based upon the record and this Court's decision in *Knowledge I,* Knowledge has not established that the trial court abused its discretion in denying the Motion to Correct Errors.

█ Procedurally, Knowledge argues that the trial court should have conducted an evidentiary hearing before ruling on its Motion for Relief from Judgment. In considering such a motion, the trial court "shall hear any pertinent evidence." Ind. Trial Rule 60(D). However, where there is no pertinent evidence, a hearing is unnecessary. *Benjamin v. Benjamin,* 798 N.E.2d 881, 889 (Ind.Ct.App.2003); and *Rothschild v. Devos,* 757 N.E.2d 219, 223 (Ind.Ct.App.2001). The trial court entered summary judgment, concluding that the designated evidence raised no genuine issue of material fact. The only evidence that could be pertinent to such a decision is that designated at the time the trial court considers the motion for summary judgment. *See* Ind. Trial Rule 56(C). Accordingly, Knowledge's argument is unavailing.

█ Knowledge also argues that the trial court abused its discretion by not entering special findings, pursuant to Indiana Trial Rule 52. However, this rule applies where issues are "tried upon the facts without a jury." To the contrary, the trial court entered summary judgment based upon designated evidence. Therefore, the rule is inapplicable. Furthermore, Knowledge acknowledges on appeal that it filed its Motion for Special Findings after the trial court had already entered judgment on its Motion for Relief from Judgment. Appellant's Brief at 17.

For these reasons, the trial court did not abuse its discretion in denying Knowledge's Motion to Correct Errors.

## II. Award of Attorney Fees to Sentry for Litigation of Motion to Correct Errors

█ Knowledge argues that the trial court abused its discretion in awarding Sentry $2,117.34 for attorney fees incurred in litigating Knowledge's Motion to Correct Errors. Indiana adheres to the "American Rule" that each party pays for its own attorney fees, absent agreement or statute to the contrary. *Scott v. Irmeger,* 859 N.E.2d 1238, 1240 (Ind.Ct.App.2007), *reh'g denied.* A court may award attorney fees to the prevailing party if the court finds that a party either continued to litigate after its "defense clearly became frivolous, unreasonable, or groundless" or "litigated the action in bad faith." Ind.Code § 34–52–1–1(b)(2, 3). An award under this statute is afforded a multi-step review. *Lumbermens Mut. Cas. Co. v. Combs,* 873 N.E.2d 692, 722 (Ind.Ct.App.2007), *trans. denied.*

First, we review the trial court's findings of fact under the clearly erroneous standard, and then we review the trial court's legal conclusions de novo. Finally, we review the trial court's decision to award attorney's fees and the amount

thereof under an abuse of discretion standard.

*Id.* (internal citations omitted). A defense is unreasonable if, based upon the totality of the circumstances, including the law and facts known at the time, no reasonable attorney would consider it justified or worthy of litigation. *Parks v. Madison County,* 783 N.E.2d 711, 723 (Ind.Ct.App.2002) (quoting *Fisher v. Estate of Haley,* 695 N.E.2d 1022, 1029 (Ind.Ct.App.1998)), *trans. denied.*

As in *Knowledge I,* the trial court did not enter findings of fact or indicate its legal conclusion in awarding attorney fees to Sentry. Regardless, the record is clear. The trial court awarded Sentry $2,117.34 in attorney fees for time spent litigating the Motion to Correct Errors. The trial court received an affidavit from Sentry's attorney, reflecting precisely that amount in billable fees. Meanwhile, as noted above, Knowledge was essentially seeking to re-litigate a judgment affirmed by this Court. The trial court did not abuse its discretion in awarding attorney fees to Sentry for litigation of Knowledge's Motion to Correct Errors.

### III. Sentry's Request for Appellate Attorney Fees

■ Pursuant to Indiana Appellate Rule 66(E), Sentry asks this Court to order Knowledge to pay Sentry for its attorney fees in contesting this appeal, and that we remand to the trial court with instruction to calculate those fees. "The Court may assess damages if an appeal ... is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees. The Court shall remand the case for execution." Ind. Appellate Rule 66(E). Our discretion "is limited to instances 'when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay.'" *Boczar v. Meridian St. Found.,* 749 N.E.2d 87, 95 (Ind.Ct.App.2001) (quoting *Orr v. Turco Mfg. Co.,* 512 N.E.2d 151, 152 (Ind.1987)).

Knowledge has litigated this matter to an unreasonable extreme. The trial court has already awarded attorney fees to Sentry on two occasions. Unremitting to logic or sensibility, Knowledge and its attorney trudge on. In general, we are cautious to award attorney fees because of the potentially chilling effect the award may have upon the exercise of the right to appeal. In this instance, however, Sentry's request is well taken. We order Knowledge to compensate Sentry for its attorney fees incurred in contesting this appeal and remand this matter to the trial court with instruction to conduct a hearing for purposes of calculating Sentry's appellate attorney fees.

### Conclusion

The trial court did not abuse its discretion in denying Knowledge's Motion to Correct Errors or in awarding Sentry its attorney fees in litigating that motion. Furthermore, we assess damages in favor of Sentry amounting to the cost of contesting this appeal and remand to the trial court with instruction to calculate that award.

Affirmed and remanded.

FRIEDLANDER, J., and KIRSCH, J., concur.