# FOR PUBLICATION

APPELLANT PRO SE:

**ROBERT HOLLAND**
Gary, Indiana

ATTORNEY FOR APPELLEE
FIRST MIDWEST BANK:

**ROBERT E. STOCHEL**
Robert E. Stochel, P.C.
Merrillville, Indiana

**FILED**

Jan 27 2012, 8:38 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT HOLLAND, A Concerned Citizen For the Redevelopment of Gary, | ) ) | |
|     Appellant-Plaintiff, | ) ) | |
| vs. | ) ) | No. 45A03-1102-PL-84 |
| RICHARD STEELE, BARBARA STEELE, and All Unknown Heirs, Representatives, Legatees, Devisees, Executors, Administrators, Wives, Husbands, Receivers, Lessees, Successors, and Assigns, and All Persons Claiming from, through, or under, or any of them whose true Christian Names are Unknown to Petitioner, and All Other Persons to Quiet Title of the Above Property, and FIRST MIDWEST BANK, AS SUCCESSOR TRUSTEE BY WAY OF MERGER TO BANK CALUMET, N.A., AS TRUSTEE OF TRUST NO. P-4274, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
|     Appellees-Defendants. | ) ) | |
| FIRST MIDWEST BANK, AS SUCCESSOR TRUSTEE BY WAY OF MERGER TO BANK CALUMET, N.A., AS TRUSTEE OF TRUST NO. P-4274, | ) ) ) | |
|     Counter-Claimant, | ) | |
| vs. | ) ) | |
| ROBERT HOLLAND, | ) | |
|     Counter-Defendant. | ) | |

**January 27, 2012**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Pro-se Appellant Robert Holland a/k/a "A concerned citizen for the redevelopment of Gary," ("Holland") appeals the denial of his motion to correct error, which challenged a summary judgment order ending his litigation to foreclose upon a common law lien encumbering real estate owned by First Midwest Bank ("the Bank") for alleged costs of abating a nuisance. We affirm.

## Issues

Holland purportedly raises thirteen issues, but his statement of the issues does not correspond with the substance of the argument section of his brief.[1] As best we can discern Holland's contentions, he raises the following consolidated issues:

I.      Whether the trial court's denial of a default judgment is an abuse of discretion;

---

[1] To the extent that Holland argues that he is entitled to summary judgment on quantum meruit (unjust enrichment) or intentional infliction of emotional distress claims, we observe that such claims were not denominated in his complaint or disposed of by the trial court order now being appealed. Holland merely assigned dollar amounts in his "Verified List of Damages and Costs" that corresponded to such categories as quantum meruit, intentional infliction of emotional distress, decrease in rental value, and punitive damages. App. 140.

II.     Whether the trial court abused its discretion by granting the Bank a continuance of time in which to respond to Holland's summary judgment motion;

III.    Whether Holland is entitled to summary judgment enforcing his common law lien;

IV.     Whether summary judgment was improvidently granted to the Bank on its claims; and

V.      Whether Holland is entitled, under Indiana Trial Rule 60(B), to relief from a judgment due to fraud on the part of the Bank.

The Bank cross-appeals, seeking to have its award of attorney's fees increased and additionally seeking an award of appellate attorney's fees.

**Facts and Procedural History**

Commencing in 2002 and ending in 2009, Holland rented property at 5014 West 17th Avenue in Gary, Indiana. The surrounding neighborhood became blighted by a number of vacant properties.

On May 29, 2009, Holland, identifying himself as a concerned citizen for the redevelopment of Gary, filed his "Complaint for Foreclosure of Lien for Costs of Abating Nuisance and the Decrease in Value of Property."[2] (App. 52.) He named as defendants Richard and Barbara Steele, former owners of a residence at 5088 West 17th Avenue in Gary, Indiana, and "all unknown heirs, representatives, legatees, devisees, executors, administrators, wives, husbands, receivers, leasees [sic], successors and assigns and all

---

[2] This was not Holland's first attempt to appropriate property for himself. See Holland v. Manufacturers and Traders Trust Co., No. 45A04-1004-PL-324, slip op. at 3, (Ind. Ct. App. Aug. 4, 2011) (affirming the dismissal of Holland's quiet title claim which he pursued after having "squatted on" vacant real estate and allegedly improved its condition).

3

persons claiming from, through or under, or any of them whose true Christian names are unknown to the Petitioner, and all other persons to quiet title of the above property." (App. 52.)

Holland alleged that the Steeles had failed to maintain their property and that the abandoned building had become "an eyesore for the neighborhood," inviting crime and devaluing nearby properties. (App. 53.) Holland claimed that he had taken possession of the property and assumed responsibility for its maintenance and repair. According to Holland's complaint, the Steeles had refused to pay Holland for necessary work performed. He asked that the trial court "declare a lien" and demanded judgment for $75,000. (App. 53.) On August 31, 2009, Holland filed his Notice of Common Law Lien,[3] Lake County Recorder Document Number 2009-059894, asserting a lien of $75,000.

After having caused service by sheriff at the abandoned property, Holland attempted notice by publication. On November 6, 2009, Holland requested a hearing "on Entry of Default Judgment for Foreclosure of Lien for Costs of Abating Nuisance and Decrease in Value of Property." (App. 12.) Hearing was set for January 4, 2010. On December 30, 2009, the Bank filed a motion to intervene, alleging that it was the owner of the subject real estate, having been issued a Sheriff's deed on September 1, 2006, as a result of a foreclosure sale. Argument was heard on January 4, 2010. On March 9, 2010, the trial court granted the motion to intervene and denied Holland's motion for default judgment as moot.

---

[3] Pursuant to Indiana Code Section 32-28-13-1, a "common law lien" is a "lien against real or personal property that is not 1. a statutory lien; 2. a security interest created by agreement; or 3. a judicial lien obtained by legal or equitable process or proceedings."

When deposed, Holland admitted that he had no permission from the Bank to enter onto the property at 5088 W. 17th Avenue or to perform any work there. On March 26, 2010, the Bank filed a counterclaim alleging trespass and slander of title, and further alleging that Holland had filed a frivolous lawsuit. On May 26, 2010, Holland moved for summary judgment. The Bank filed a cross-motion for summary judgment.

On February 4, 2011, the trial court granted the Bank's motion for summary judgment and denied Holland's motion for summary judgment. The Bank was awarded nominal damages in the aggregate amount of $3.00 and was awarded attorney's fees of $400.00. Finally, the trial court declared the common law lien filed by Holland invalid. Holland filed a motion to correct error, and a motion for relief from judgment, which were denied. This appeal ensued.

## Discussion and Decision

### Standard of Review – Motion to Correct Error

"The court, if it determines that prejudicial or harmful error has been committed, shall take such action as will cure the error[.]" Indiana Trial Rule 59(J). We review for an abuse of discretion a trial court's decision on a motion to correct error. Knowledge A-Z, Inc. v. Sentry Ins., 891 N.E.2d 581, 584 (Ind. Ct. App. 2008), trans. denied. An abuse of discretion occurs when the decision is against the logic and effect of the facts and circumstances before the court, and inferences that may be drawn therefrom. Id.

### Standard of Review – Summary Judgment

Summary judgment is appropriate only if the pleadings and designated materials

5

considered by the trial court show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Yates v. Johnson County Bd. of Comm'rs., 888 N.E.2d 842, 846 (Ind. Ct. App. 2008). Our well-settled standard of review is the same as it was for the trial court. Landmark Health Care Assocs., L.P. v. Bradbury, 671 N.E.2d 113, 116 (Ind. 1996).

We must construe all evidence in favor of the party opposing summary judgment, and all doubts as to the existence of a material issue must be resolved against the moving party. Id. at 847. However, once the movant has carried its initial burden of going forward under Trial Rule 56(C), the nonmovant must come forward with sufficient evidence demonstrating the existence of genuine factual issues, which should be resolved at trial. Otto v. Park Garden Assocs., 612 N.E.2d 135, 138 (Ind. Ct. App. 1993), trans. denied. If the nonmovant fails to meet his burden, and the law is with the movant, summary judgment should be granted. Id.

A genuine issue of material fact exists where facts concerning an issue that would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. Huntington v. Riggs, 862 N.E.2d 1263, 1266 (Ind. Ct. App. 2007), trans. denied. Questions of law are reviewed de novo and we owe no deference to the trial court's legal conclusions. In re Guardianship of Philips, 926 N.E.2d 1103, 1106 (Ind. Ct. App. 2010).

We may affirm the grant of summary judgment on any basis argued by the parties and supported by the record. Payton v. Hadley, 819 N.E.2d 432, 437 (Ind. Ct. App. 2004).

6

However, neither the trial court nor the reviewing court may look beyond the evidence specifically designated to the trial court. Best Homes, Inc. v. Rainwater, 714 N.E.2d 702, 705 (Ind. Ct. App. 1999). Trial Rule 56(H) specifically prohibits this Court from reversing a grant of summary judgment on the ground that there is a genuine issue of material fact, unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court. AutoXchange.com, Inc. v. Dreyer and Reinbold, Inc., 816 N.E.2d 40, 45 (Ind. Ct. App. 2004).

Our standard of review is not altered by the fact that the parties made cross-motions for summary judgment. Indiana Farmers Mut. Ins. Group v. Blaskie, 727 N.E.2d 13, 15 (Ind. Ct. App. 2000). Instead, we consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. Id.

Motion for Default Judgment

On October 20, 2009, Holland moved for the entry of default judgment, alleging that the Steeles had failed to answer his complaint. Thus, he contended that title to the subject property should be quieted in Holland and he should take the property free of the claims of the Steeles and any other unknown claimants. The motion was denied and Holland now argues he has "prove[d] that he was entitled to Default Judgment on the merits in this case on all claims for which punitive damages are available against First Midwest Bank." Appellant's Brief at 17.

Indiana Trial Rule 55(A) provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise comply with these rules and that fact is made to appear by affidavit or otherwise, the party may be defaulted by the court.

In general, default judgments are not favored in Indiana. Bedree v. DeGroote, 799 N.E.2d 1167, 1172 (Ind. Ct. App. 2003), trans. denied. "The trial court's discretion in granting or denying a motion for default judgment is considerable." Delphi Corp. v. Orlik, 831 N.E.2d 265, 267 (Ind. Ct. App. 2005). The trial court should use its discretion to do that which is "just" under the unique facts of each case. Id. We will reverse only if the decision is clearly against the logic and effect of the facts and circumstances presented. Id.

Although he has claimed entitlement to a default judgment because the Steeles failed to plead, Holland does not acknowledge a lack of effective service,[4] nor does he dispute the Bank's assertion that the Steeles no longer had an interest in the subject property. He simply asserts that he was entitled to a default judgment in June of 2009 and the Bank's December 30, 2009 motion to intervene was untimely. Holland contends that the Bank would have received prompt actual notice of the lawsuit had the Bank not been "an absconding debtor that is purposely not in the record of the Lake County Recorder's Office as owner." Appellant's Brief at 18. The assertion that the Bank was less than diligent in recording its deed does not explicitly support Holland's claim of entitlement to default judgment. He appears to believe that the trial court was required to quiet title as against all other potential claimants as soon as practicable after the date an answer would have been due in the event of effective service.

---

[4] The existence of personal jurisdiction requires effective service of process on a defendant. See Goodson v. Carlson, 888 N.E.2d 217, 220 (Ind. Ct. App. 2008).

However, the trial court was vested with discretion to consider the facts and circumstances before it, which include the following. The purported address for the Steeles was obviously incorrect, as the address on the summons referenced a vacant property. Although Holland averred in his complaint that the residence at 5088 W. 17th Avenue had "not been lived in for many years," he also claimed, in his affidavit of service, to have achieved service by personally delivering a summons and by procuring sheriff's service at the same vacant address. (App. 52.)

Not surprisingly, the prior owners failed to appear in the quiet title action. The Bank, upon acquiring knowledge of the common law lien, moved to intervene within a few months of the filing of the complaint. The Bank produced a copy of a Sheriff's Deed dated September 1, 2006, conveying ownership of the property previously owned by the Steeles.

On its face, the complaint for foreclosure of a common law lien warranted inquiry before quieting of title, as Holland claimed to have a legitimate lien against vacant property for $75,000 worth of (non-itemized) work performed thereon. Pursuant to his Notice of Common Law Lien, Holland had asserted a lien against 5088 West 17th Avenue, Gary, Indiana for "the costs of abating the nuisance created by 2009 Chase Street and the decrease in value of surrounding property." (App. 56.) (emphasis added.) Given the preference for deciding cases on the merits, we are not persuaded that the trial court's decision to deny the motion for default judgment was against the logic and effect of the facts and circumstances presented.

9

<u>Continuance of Time to Respond to Summary Judgment Motion</u>

Holland claims that the trial court abused its discretion by granting the Bank a continuance of time in which to conduct discovery before responding to Holland's summary judgment motion. Holland asserts that the Bank claimed a need to depose Holland and neighbors who had signed affidavits regarding the condition of 5088 W. 17th Avenue but failed to specify a discovery dispute or subsequently schedule depositions of neighbors. According to Holland, the Bank "unilaterally created a pernicious excuse for delay without specifically stating what discovery issues of material fact remained." Appellant's Brief at 23.

Holland does not direct us to a corresponding portion of the appellate record. Indiana Appellate Rule 46(A)(8)(a) requires that each contention be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on. Because we will not become an advocate for one of the parties, we decline to consider an appellant's assertions when he or she fails to present cogent arguments supported by authority and references to the record, consistent with the requirements of the appellate rules. <u>Shepard v. Truex</u>, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004).

<u>Summary Judgment – Holland's Lien Claim</u>

Holland claims that he was entitled to summary judgment on his quiet title claim, having demonstrated that he held a valid lien for sums expended to redress a nuisance.[5]

---

[5] During discovery, Holland produced a "Verified List of Damages and Costs." (App. 360.) In his deposition testimony, Holland admitted that he lacked receipts for claimed expenditures to abate the alleged nuisance. He explained that he had included $350 for the value of his own time, for "research time spent determining who was the owner." (App. 360.) He had also included $300 for "estimated fees for costs such as mail, telephone, and office supplies," and a bill for his "time and effort spent prosecuting this lawsuit" at a rate of $250 per hour. (App. 360.) Holland testified that he had paid cash to an unidentified person to cut the lawn and replace

In Indiana, nuisances are defined by statute. Indiana Code Section 32-30-6-6 defines an actionable nuisance as: "Whatever is (1) injurious to health; (2) indecent; (3) offensive to the senses; or (4) an obstruction to the free use of property; so as essentially to interfere with the comfortable enjoyment of life or property[.]" A public nuisance is that which affects an entire neighborhood or community while a private nuisance affects only one individual or a determinate number of people. Wernke v. Halas, 600 N.E.2d 117, 120 (Ind. Ct. App. 1992). The essence of a private nuisance is the use of property to the detriment of the use and enjoyment of another's property. Id. A public nuisance is caused by an unreasonable interference with a common right. Indiana Limestone Co. v. Staggs, 672 N.E.2d 1377, 1384 (Ind. Ct. App. 1996), trans. denied.

In his complaint, Holland described the conditions that he was allegedly compelled to redress as follows:

> The Defendant has refused to assume responsibility for the care, maintenance and hazards that the abandoned building creates. The abandoned building has invited a criminal element in the neighborhood. The abandoned building has been used for the purpose of selling and using illegal drugs. The house has been vandalized and materials stolen from the property. The property has become in disrepair and is an eyesore for the neighborhood. The property sits vacant and can not be sold to an interested party that will care for it. The value of the other homes in the neighborhood such as the Plaintiff's go down. Taxes in the area go up. Because taxes are not being paid revenue for public schools and other government facilities go down. Students receive a lower quality education and the citizens of Gary, Indiana suffer from less and less governmental services.

---

a back door at the vacant property. He had also paid cash for trash hauling. Neither this deposition testimony nor the other designated materials reveal $75,000 worth of expenditures to support the purported lien. Instead, it appears that the $75,000 figure is largely comprised of Holland's assessment of his "damages," including $5,400 for decrease in rental value or loss of quiet enjoyment, $18,000 for infliction of emotional distress, and $50,000 for punitive damages.

11

(App. 53.) As such, Holland alleged that an entire neighborhood, community, and ultimately a city were affected. His designated materials included a number of affidavits from neighbors averring that the vacant property had attracted a criminal element and caused the neighbors to feel unsafe. They also had averred that the vacant property was an embarrassment to the community.

"Generally, a private party has no right of action under a public nuisance." Indiana Limestone, 672 N.E.2d at 1384. However, a party may bring a successful private action to abate a public nuisance if the party demonstrates special and peculiar injury apart from the injury suffered by the general public. Id. Holland's designated materials reveal that he was one of many neighbors upset that the vacant property was unsightly and could serve to shelter criminal activity. On appeal, he claims only that he was more particularly affected than his neighbors because he was closer in proximity to the vacant property than some other neighbors. We are not persuaded that a mere difference in proximity describes a special and peculiar injury. Holland did not establish his entitlement to judgment as a matter of law, and thus the trial court properly denied Holland summary judgment on his quiet title claim.

The crux of Holland's contentions is that he, as a private individual, should have an unfettered citizen's right to act to abate a nuisance that contributes to urban blight. However, it is not within our purview to opine on policy questions surrounding a legislative or governmental response to urban problems. "It is the province of the public authorities to procure redress for public wrongs." Adams v. Ohio Falls Car Co., 131 Ind. 375, 31 N.E. 57, 58 (1892).

12

Summary Judgment for Bank on its Counterclaims

Count I of the Bank's counterclaim alleged trespass by Holland. Generally, a party bringing a trespass action must establish two elements: (1) the plaintiff must show that he possessed the land when the alleged trespass occurred, and (2) the plaintiff must demonstrate that the alleged trespasser entered the land without a legal right to do so. KB Home Indiana, Inc. v. Rockville TBD Corp., 928 N.E.2d 297, 308 (Ind. Ct. App. 2010). It is undisputed that the Bank acquired the subject property in 2006. In his deposition, Holland testified that he entered the property in 2008 and that he had no permission from the Bank to do so. The Bank was entitled to summary judgment on the trespass claim.

The Bank's second count alleged slander of title. To succeed on a claim for slander of title, the plaintiff must prove that false statements were made, with malice, and that the plaintiff sustained pecuniary loss as a necessary and proximate result of the slanderous statements. Isanogel Ctr., Inc. v. Father Flanagan's Boys' Home, Inc., 839 N.E.2d 237, 245-46 (Ind. Ct. App. 2005), trans. denied. Malicious statements are those made with knowledge of their falsity or with reckless disregard for whether they are false. Id.

The trial court determined that Holland recorded a baseless lien encumbering Bank property and then attempted to foreclose that lien with no legal basis to do so. The designated materials reveal that Holland trespassed, and then solicited others to perform clean-up activities, allegedly to abate a nuisance affecting the neighborhood. After three years, Holland filed a common law lien for $75,000, a specious sum he could not (in deposition testimony) attribute to direct costs. The designated materials point to a sole

13

conclusion, that reached by the trial court, Holland held no enforceable lien and had slandered the Bank's title to the subject real estate.

The Bank's third count alleged that Holland had pursued a frivolous action to foreclose a common law lien and divest the Bank of its real property. A claim is frivolous

> if it is taken primarily for the purpose of harassing or maliciously injuring a person, or (b) if the lawyer is unable to make a good faith and rational argument on the merits of the action, or (c) if the lawyer is unable to support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law.

Kahn v. Cundiff, 533 N.E.2d 164, 170 (Ind. Ct. App. 1989), summarily aff'd, 543 N.E.2d 627 (Ind. 1989). Holland readily admitted that he entered onto land without permission of the owner. He then conducted unauthorized activities, allegedly incurring costs for which he failed to obtain receipts.

Nonetheless, he proceeded to file a common law lien based upon his valuation of his personal efforts and his estimates of cash paid to one or more unidentified individuals. He claimed to have damages for a reduction in property value, although he freely admitted that he rented, as opposed to owned, his residence on 17th Avenue. The designated materials lead to but one conclusion: Holland continued to litigate his claim that title to 5088 W. 17th should be quieted in him long after it became apparent that he had no basis for enforcement of the $75,000 common law lien. The Bank was entitled to judgment as a matter of law on this claim.

<u>Relief from Judgment for Alleged Fraud</u>

Holland argues that he is entitled to relief from the judgment, pursuant to Indiana Trial Rule 60(B)(3), because the Bank acted fraudulently.

According to Holland, the Bank "engaged in fraudulent misconduct on numerous occasions by being an absconding debtor, by not recording the Sheriff's Deed for 4 years with the Lake County Recorder, not reporting the transfer of the property to the Lake County Assessor, not reporting the transfer of the property to the Lake County Auditor, not reporting the transfer of the property to the Lake County Treasurer, the fraudulent use of another person's (the Steeles') exemption, and not paying property taxes to the Lake County Treasurer." Appellant's brief at 33.

Holland may be arguing that the Steeles were defrauded, but he is not in a position to claim that he personally suffered a demonstrable injury. He was not deprived of a tax exemption nor was he entitled to reimbursement of property taxes. He did not own the property at issue.

Holland further contends that the Bank perpetrated a fraud upon the court by denying that the vacant property needed repair and maintenance. To show fraud on the court, "the party must establish that an unconscionable plan or scheme was used to improperly influence the court's decision and that such acts prevented the party from fully and fairly presenting its case or defense." <u>Stonger v. Sorrell</u>, 776 N.E.2d 353, 357 (Ind. 2002). The claim has been limited to the most egregious of circumstances involving courts. <u>Id.</u> Such circumstances are not present here.

Holland has failed to show that he is entitled to any relief from the trial court's judgment.[6]

<u>Cross-Appeal on Attorney's Fees</u>

The trial court found that the Bank had incurred "substantial" attorney's fees in "defending itself and its property from the baseless claims made by Holland." (App. 20.) Observing that "Holland is a person who is not wealthy," the trial court limited the award of attorney's fees to $400.00. (App. 21.) Although not referencing a particular statute, the trial court specified that the $400 award was "incentive to discourage [Holland] from pursuing baseless litigation." (App. 21.) The Bank argues that consideration of Holland's financial circumstances was improper and the Bank should recover all its attorney's fees.

Indiana Code section 32-20-5-2 provides that "[i]n any action to quiet title to land, if the court finds that a person has filed a claim only to slander title to land, the court shall" award the plaintiff costs, attorney's fees, and "damages that the plaintiff may have sustained as the result of the notice of claims having been filed for record."

Additionally, Indiana Code section 34-52-1-1(b) confers upon the trial court discretion to award attorney's fees to the prevailing party if the other party:

(1)     brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
(2)     continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
(3)     litigated the action in bad faith.

---

[6] We observe that Indiana Trial Rule 60(D) provides that a trial court, in ruling on a motion for relief from judgment, "shall hear any pertinent evidence." However, where there is no pertinent evidence, a hearing is unnecessary. <u>Knowledge A-Z, Inc. v. Sentry Ins.</u>, 891 N.E.2d 581, 585 (Ind. Ct. App. 2008), <u>trans. denied</u>.

The trial court is not required to find an improper motive to support an award of attorney's fees; rather, an award may be based solely on a lack of good faith and rational argument in support of the claim. Breining v. Harkness, 872 N.E.2d 155, 161 (Ind. Ct. App. 2007). The amount of fees to be awarded is within the broad discretion of the trial court and will be reversed only if the award is clearly against the logic and effect of the facts and circumstances before the court. Benaugh v. Garner, 876 N.E.2d 344, 347 (Ind. Ct. App. 2007), trans. denied.

The Bank deems itself entitled to a full award of its claimed fees, without regard to a litigant's poverty, particularly because an award of fees is not discretionary where a slander of title has been found. The Bank observes, correctly, that our Supreme Court has offered guidance in the Rules of Professional Conduct concerning factors to be considered in determining the reasonableness of attorney's fees. Order for Mandate of Funds Montgomery County Council v. Milligan, 873 N.E.2d 1043, 1049 (Ind. 2007). However, the factors[7] are "non-exclusive." Benaugh, 876 N.E.2d at 348.

As the Bank points out, the statutes that would support an award of attorney's fees in this case – either for slander of title or a frivolous lawsuit – do not require the trial court to

---

[7] The factors, set forth in Indiana Professional Conduct Rule 1.5(a), include:
    (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
    (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
    (3) the fee customarily charged in the locality for similar legal services;
    (4) the amount involved and the results obtained;
    (5) the time limitations imposed by the client or by the circumstances;
    (6) the nature and length of the professional relationship with the client;
    (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
    (8) whether the fee is fixed or contingent.

consider a litigant's personal financial circumstances. As a corollary, however, the trial court is not prohibited from considering those circumstances. Here, too, although the trial court did not explicitly so state, Holland's depositions reveal that the same attorney in this case had been involved in opposing Holland's quiet title claim in the Holland v. Manufacturers and Traders Trust Co. case. In that matter, which involved similar discovery, legal research, and defenses, Holland had been ordered to pay $10,531.27 in attorney's fees.

We also observe that the Bank was partially responsible for the generating of legal fees. For several years, the Bank failed to take responsibility for the upkeep of the vacant property as neighbors searched for a remedy to their plight. While the Bank wishes to enjoy the benefits of ownership (including the right to exclude persons and claim trespass) and now asserts that $9,983.31 is a reasonable fee to defend its title to 5088 W. 17th Avenue, the Bank failed to timely assume the duties of ownership of valuable real property. The Bank did not promptly record its deed, upkeep its property, or initially pay real estate taxes in its own name. Indeed, it appears that the Bank wholly disclaimed any liability for the condition of the property and its impact on the surrounding neighborhood. As such, the Bank has not demonstrated an abuse of discretion on the part of the trial court in its award of partial attorney's fees.

Pursuant to Indiana Appellate Rule 66(E), the Bank asks this Court to order Holland to pay the Bank for its attorney fees in contesting this appeal. "The Court may assess damages if an appeal … is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees. The Court shall remand the case for execution."

18

Ind. Appellate Rule 66(E). Our discretion "is limited to instances 'when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay.'" Boczar v. Meridian St. Found., 749 N.E.2d 87, 95 (Ind. Ct. App. 2001) (quoting Orr v. Turco Mfg. Co., 512 N.E.2d 151, 152 (Ind. 1987)).

In general, we are cautious to award attorney fees because of the potentially chilling effect the award may have upon the exercise of the right to appeal. Knowledge A-Z, Inc., 891 N.E.2d at 586. In light of this general principle, and the Bank's role in the events giving rise to litigation, we decline to award appellate attorney's fees to the Bank.

### Conclusion

Holland has not demonstrated an abuse of discretion by the trial court with respect to his motion for a default judgment or the Bank's motion for a continuance. The trial court properly denied Holland summary judgment on his quiet title claim, and properly granted summary judgment to the Bank on its trespass and slander of title claims. The trial court properly found that Holland had filed a frivolous lawsuit, and that the Bank was entitled to attorney's fees. The amount of attorney's fees awarded was within the trial court's discretion. Finally, we decline to award appellate attorney's fees.

Affirmed.

BAKER, J., and DARDEN, J., concur.