

FILED

Oct 03 2018, 5:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ronald E. Weldy
Weldy Law
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Tony H. Abbott
Foley & Abbott, P.A.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bobby J. Johnson, Jr., <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Hix Wrecker Service, Inc., <br> *Appellee-Defendant.* | October 3, 2018 <br><br> Court of Appeals Case No. <br> 18A-PL-10 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Gary L. Miller <br><br> Trial Court Cause No. <br> 49D03-0908-PL-38320 |

**Shepard, Senior Judge.**

[1] Appellant Bobby J. Johnson, Jr.'s employer Hix Wrecker Service wrongly withheld portions of his wages, and the trial court awarded $700 in actual damages and another $3800 in liquidated damages, pre-judgment interest, and costs.

[2] The court also awarded some $35,000 in attorney fees. Johnson's counsel Ronald E. Weldy argues that this amount was an abuse of discretion that will

be "jeopardizing the ability of all wage claimants to obtain counsel."
Appellant's Br. p. 11.

## Facts and Procedural History

[3] This case began in August 2009 when Johnson filed a complaint against Hix for unpaid wages and improper deductions. Seven years later in December 2016, the trial court granted Johnson's motion for partial summary judgment, awarding Johnson $700.92 in actual damages, $1,601.84 in liquidated damages, and $1,843.25 in statutory pre-judgment interest. On March 31, 2017, the court granted Johnson's motion for statutory attorney fees of $26,173 and $377.48 in costs. On May 30, 2017, the December 2016 partial summary judgment was entered as a final judgment.

[4] Johnson filed for proceedings supplemental and requested that Hix be ordered to answer interrogatories, respond to requests for production, and attend a hearing to answer as to assets. Hix repeatedly failed to respond to the discovery requests, and Hix and its counsel failed to attend hearings as ordered by the court. Johnson then moved for sanctions or contempt against counsel for Hix requesting $5,100 for these failures. The trial court granted this motion on July 19, 2017 but subsequently granted Hix's motion for reconsideration on July 31, 2017 and vacated the July 19 order, holding Johnson's request in abeyance.

[5] In the meantime, on July 6th, the court granted Johnson's request for supplemental fees in the amount of $8,108 for work Johnson's counsel performed post-judgment. On September 2nd, Johnson filed his second motion

for supplemental fees and costs asking for $6,862.51. A few weeks later, counsel supplemented that request, asking for an additional $7,275 in fees.

[6] Following an October 2017 hearing, the court ordered Hix to pay Johnson a total post-judgment attorney fee of $9,201 plus interest until paid, an amount the court specifically said includes $8,108 in fees it had awarded on July 6th. Johnson now appeals.

## Issues

[7] Johnson presents five issues, which we restate as six:

    I.     Whether the trial court erred by vacating its prior order;

    II.    Whether the court erred by modifying its prior order;

    III.   Whether the court erred in its calculation of post-judgment interest;

    IV.   Whether the court erred by not awarding costs to Johnson;

    V.    Whether the court erred in calculating attorney fees; and

    VI.   Whether the trial court's action of reducing counsel's rate was against public policy.

## Discussion and Decision

### I. Vacation of Order

[8] On July 16, Johnson filed his motion for sanctions, which the court promptly granted on July 19. On July 28, Hix moved for reconsideration, which the court granted, vacating its order of July 19. On appeal, Johnson contends the court erred in vacating its July 19 order and requests its reinstatement.

[9] Decisions regarding the imposition of sanctions for discovery violations are within the trial court's sound discretion. *Reed v. Cassady*, 27 N.E.3d 1104 (Ind. Ct. App. 2015), *trans. denied*. "Trial judges stand much closer than an appellate court to the currents of litigation pending before them, and they have a correspondingly better sense of which sanctions will adequately protect the litigants in any given case, without going overboard, while still discouraging gamesmanship in future litigation." *Id.* at 1111. Accordingly, we presume the trial court will act in accord with what is fair and equitable in each case, and we reverse only if the court's decision is clearly against the logic and effect of the facts and circumstances before it, or if it has misinterpreted the law. *Wright v. Miller*, 989 N.E.2d 324 (Ind. 2013).

[10] Trial Rule 37(B)(2) provides that as to sanctions for failure to obey a discovery order, trial courts "may make such orders in regard to the failure *as are just*." (Emphasis added). The rule requires trial courts to order an offending party to pay the reasonable expenses and fees caused by its failure unless the court finds the failure was "substantially justified or that other circumstances make an award of expenses unjust." Both parties here filed lengthy motions setting forth their arguments and explanations on this issue. Given the trial court's firsthand observation of this case, its familiarity with the litigants and their lawyers, as well as our presumption that the court acted fairly and equitably, we cannot say the court's decision is against the logic and effect of the circumstances presented.

# II. Modification of Order

On July 6, 2017, the trial court granted Johnson's motion for supplemental post-judgment attorney fees in the amount of $8,108. In its final order awarding post-judgment attorney fees and interest, the trial court ordered Hix to pay post-judgment attorney fees in the amount of $9,201, specifically stating this amount includes fees awarded in the July 6 order. On appeal, Johnson argues the court improperly modified its July 6 order.

In support of his contention, Johnson asserts the trial court indicated the July 6 order was not at issue at the October 2017 hearing. The discussion went:

> MR. WELDY [Counsel for Johnson]: Here's a question: **You already previously entered an order back on July the 6th of this year for supplemental attorney fees.** They filed a Motion to Reconsider and you denied that. **Is that money at issue today or not at issue today?**
>
> THE COURT: **I thought it was at issue today.**
>
> MR. WELDY: Okay. I mean, considering you [sic] already filed a Motion to Reconsider that you already denied I didn't think it would be an issue today, to be honest, but I want to make sure.
>
> THE COURT: **Well, I suppose the issue is the amount.**
>
> MR. WELDY: Once, again, you've already entered that amount. The second -- there is another motion on file for additional fees that have been incurred since that one ended; okay? So I just want to make sure – I don't want to waste time arguing about something that you've already ruled on. You've already rejected Motions to Reconsider unless you tell me everything is at issue today. I'm just trying not to waste your time.

> THE COURT: The prior orders of the Court stand so whatever the Court has issued prior and ruled on prior to today stands. There are just a couple minor issues that remain.

Tr. Vol. 2, p. 5 (emphasis added). And:

> THE COURT: **What do you think the issues are?**
>
> MR. ABBOTT [Counsel for Hix]: **I think the issue is the amount and reasonableness of post-judgment attorney fees, and the amount of post-judgment interest.** I think that's it.
>
> THE COURT: **Yeah, I thought that was pretty much what we're discussing.**

*Id.* at 6 (emphasis added).

[13] Counsel points to the court's statement that any prior orders would stand; however, the court was very clear that the subject of the hearing was the amount of post-judgment attorney fees. Moreover, the July 6 order was a provisional order, not a final judgment, the terms of which the trial court was free to revisit. *See Branham Corp. v. Newland Res., LLC*, 44 N.E.3d 1263 (Ind. Ct. App. 2015) (stating that trial court has inherent power to reconsider any of its previous rulings so long as action remains *in fieri*). We find no error.

## III. Calculation of Post-Judgment Interest

[14] Johnson claims the court incorrectly used May 30, 2017 as the date on which post-judgment interest began to accrue. The trial court entered findings and conclusions on Johnson's motion for partial summary judgment on December 29, 2016. At no time prior to May 30, 2017 did Johnson's counsel request for this determination to be made a final judgment pursuant to Trial Rule 54(B).

On May 30, 2017, the court entered a final judgment for $2,302.76 and pre-judgment interest of $1,843.25. The trial court then calculated post-judgment interest from May 30, 2017 to September 19, 2017, the date Hix deposited the judgment amount with the clerk of the court.

[15] The trial court's determination of damages did not become final until it entered its final judgment on May 30, 2017, which is the date the court used to begin calculating post-judgment interest. Unless otherwise provided by statute, interest on judgments for money runs from the date of final judgment. *Reese v. Reese*, 696 N.E.2d 460, 463 n.4 (Ind. Ct. App. 1998) (husband was not entitled to interest from date dissolution decree was entered because decree in this instance was merely provisional order, not final judgment, due to court's deferred consideration of fees and expenses) (citing *Irvine v. Irvine*, 685 N.E.2d 67, 71 (Ind. Ct. App. 1997); Ind. Code § 24-4.6-1-101 (1993)). We find no error.

## IV. Costs

[16] Johnson contends the trial court erred by failing to award him $52.01 in costs. At the October hearing on fees and costs, Johnson never mentioned these costs. In addition, while Johnson filed a proposed order with the court regarding the October hearing, we cannot determine whether these costs were discussed because Johnson failed to include the proposed order in the documents on appeal.

Issues not raised at the trial court are waived on appeal. *Richardson v. Thieme*, 76 N.E.3d 892 (Ind. Ct. App. 2017), *trans. denied*. To properly preserve an issue for appeal, a party must, at a minimum, show that it gave the trial court a bona fide opportunity to pass upon the merits of the claim before seeking an opinion on appeal. *Cavens v. Zaberdac*, 849 N.E.2d 526 (Ind. 2006). Under the circumstances here, we cannot say the trial court was provided with a bona fide opportunity to consider this claim. The claim is waived.

## V. Method of Calculation

Next, Johnson argues the trial court erred by failing to use the lodestar method to calculate post-judgment attorney fees. We are not aware of a requirement in Indiana that trial courts use the lodestar method to calculate attorney fees. Rather, a determination of the amount of attorney fees is within the broad discretion of the trial court and will be reversed only if the award is clearly against the logic and effect of the facts and circumstances before the court. *Holland v. Steele*, 961 N.E.2d 516 (Ind. Ct. App. 2012), *trans. denied*.

Johnson's counsel was awarded statutory fees in the amount of $26,173. At the October hearing on post-judgment fees, the trial court informed the parties it wanted to hear evidence on the fees and did not "want to blindly accept what a lawyer submits with respect to numbers on a page." Tr. Vol. 2, p. 8. The court heard evidence of the customary hourly rate for attorneys in the area as well as argument from counsel and awarded Johnson's counsel post-judgment attorney fees of $9,201. We find no error.

# VI. Public Policy

Finally, Johnson claims it was against public policy for the court to reduce his hourly rate when awarding him post-judgment fees.

Under the version of Indiana's Wage Payment Act in effect when Johnson's claim arose, Indiana Code section 22-2-5-2 (1993) provided that "the court shall tax and assess as costs in said case a *reasonable fee* for the plaintiff's attorney or attorneys." (Emphasis added). Here, Johnson's counsel was awarded a total of $35,374 in fees for his work obtaining for Johnson a modest multiple of the $700 in improper deductions and unpaid wages. In its order, the trial court found:

> 12. This Court finds that the issues presented by this proceedings supplemental are not particularly novel or difficult, and that the issues should not have required an investment of 60 hours of time.
>
> *****
>
> 14. This Court finds that [Johnson] filed repeated and excessive motions for proceedings supplemental, supplemental attorney fees, sanctions and contempt, and sought an emergency hearing on September 28, 2017, after [Hix] had deposited the Judgment Amount with the underlying Judgment was composed [sic] primarily of his attorney fees.
>
> 15. [Hix] produced evidence that the customary hourly rate for attorneys who concentrate in collection proceedings in Marion County ranges from $200 to $275 per hour, and that some collection attorneys are compensated based on a percentage of the amount collected.
>
> 16. This Court finds that a reasonable fee for [Johnson's] counsel's post-judgment Legal services is a total of $9,201.00,

which represents thirty percent (30%) of the underlying Judgment Amount and, on an hourly basis, equates to 46 hours of time at $200 per hour. This amount includes fees previously awarded.

Appellant's App. Vol. 2, p. 20. Like the trial court, we find these fees to be reasonable.

# Conclusion

[22] The trial court did not abuse its discretion by vacating its prior provisional order or by calculating and awarding post-judgment attorney fees.

[23] Affirmed.

Bradford, J., and Brown, J., concur.