OTTERMAN, ADMINISTRATOR v. HOLLINGSWORTH.

[No. 20,060. Filed February 21, 1966. Rehearing denied November 30, 1966. Transfer denied February 7, 1967.]

*Marshall, Hillis, Hillis & Button,* of Kokomo, for appellant.
*Hodson & Osburn,* of Kokomo, for appellee.

CARSON, J.—The appellant's guardian Don T. Trobaugh brought this action in the Howard Circuit Court in a complaint of three paragraphs; the first paragraph being a suit to quiet title to an 80 acre farm in Howard County in the name of John T. Hollingsworth; the second paragraph asking for an accounting and that title be quieted in the appellant; the third paragraph being a suit for possession of real estate. The appellee filed an "Answer and Counter Claim," by the terms of which the appellee prayed for specific performance of an alleged parol contract to sell said real estate to him, and further that the appellees title be quieted. The case was venued to the Carroll Circuit Court.

The judge ruled that the said counter claim presented no question for the jury but should be tried at a later time by the court.

The cause was submitted to the jury on the plaintiff's complaint; also submitted to the jury were 27 interrogatories for their consideration and answers. The jury filed answers to the interrogatories and returned a verdict for the defendant on the issues raised in legal paragraphs 1 and 3 of the

plaintiff's complaint. The defendant, appellee, filed a motion for final judgment on the general verdict. The plaintiff-appellant filed a motion for judgment on the answers to the interrogatories notwithstanding the general verdict as to legal paragraphs 1 and 3 of plaintiff's complaint. These motions were overruled. The appellant filed a motion for new trial which was overruled and from which ruling the appellant appeals. The motion for new trial is as follows:

"1. The verdict of the jury is not sustained by sufficient evidence.
2. The verdict of the jury is contrary to law.
3. The verdict of the jury is not sustained by sufficient evidence and is contrary to law.
4. Error of law occurring at the trial, as follows:
a. The court erred in refusing to give the jury at the request of the plaintiff each of the following written instructions, separately and severally, tendered and requested by the plaintiff, in writing and numbered 1, 2, 4, 5 and 15."

The appellant assigns four errors which are as follows:

"1. That the Court erred in overruling the Appellant's Motion for Judgment on Answers to Interrogatories Not Withstanding the General Verdict as to legal Paragraph One of the Plaintiff's Complaint.
2. That the Court erred in overruling Appellant's Motion for Judgment on Answers to Interrogatories Not Withstanding the General Verdict as to legal Paragraph Three of Plaintiff's Complaint.
3. That the Court erred in overruling the Appellant's Motion for New Trial.
4. That the Court erred in overruling Appellant's Motion to Modify Judgment."

The facts briefly stated are as follows: John T. Hollingsworth deceased held fee simple title by warranty deed to an 80 acre tract of land. The appellee, the nephew of John T. Hollingsworth, moved on to the farm with his uncle in 1947 and farmed said tract since that time. John T. Hollingsworth moved off the farm after about two years; the appellee re-

mained thereon, made valuable improvements and farmed the land. In 1954 the appellee and John T. Hollingsworth went to an attorney to discuss the sale of the farm by John T. Hollingsworth to the appellee, the attorney drew up a contract leaving certain portions in blank; both parties took a copy of the contract home, however the agreement was not signed in the attorney's office and apparently was not subsequently signed by either party.

On June 19, 1958, Hardy Dice, manager of the First Farmer's National Bank drew a receipt for the appellee which read as follows:

"Received of George T. Hollingsworth $500.00, payment on 80 acre contract described as a East ½ of the South East Quarter of Section 30, Township 23 North Range 5 East, leaving unpaid balance due on said contract $_____. (Signed) John T. Hollingsworth"

Ira Hollingsworth, John T. Hollingsworth's brother, identified the signature on this exhibit as that of John T. Hollingsworth. Also introduced into evidence were two unsigned written memorandums, one with the words "Credit on Farm" and showing $400.00 in payment on a note and $931.00 payment on the farm; the other bearing the words "George J. Hollingsworth advanced to me on farm" with nine entries totaling $1800.00.

There is a conflict in the evidence as to who paid the taxes on the real estate in question in the years from 1953 to 1961. There is evidence that the appellee paid out certain monies in 1957, 1959 and 1960 for improvements on the farm. Also introduced into evidence were receipts for the sale of grain and farm produce.

We will now consider the alleged errors assigned by the appellant; this being an appeal from a negative judgment we do not consider the assignment in the motion for new trial that the verdict of the jury is not sustained by sufficient evidence and the same is therefore waived.

We shall consider appellant's assignments of error 1 and 2 as regards the motion for judgment on the interrogatories not withstanding the general verdict. These errors and the assignment that the verdict of the jury is contrary to law are argued together by the appellant and we shall so consider them.

In an action to quiet title or for possession of land the plaintiff must recover, if at all, on the strength of his own title and not on the weakness of his adversary's title.

2. *Williard v. Bringolf* (1936), 103 Ind. App. 16, 5 N. E. 2d 315.

The evidence is uncontested that the plaintiff-appellant held fee simple title by warranty deed to the land involved in this controversy, as such, a prima facie case for quiet title was established.

In order for the defendant-appellee to defeat plaintiff-appellant's claim of title and right to possession it was necessary that he establish a better or paramount title or right to possession than that of the plaintiff. *Grigsby v. Akin* (1891), 128 Ind. 591.

The defendant introduced evidence in this case in order to rebutt plaintiff's position. Defendant's evidence was offered to establish his contention that there was a valid parol contract for the sale of the farm in question. Generally, oral contracts for the sale of land are invalid under our Statute on Frauds, the relevant portion of which is as follows:

"33-101 [8045]. When contracts must be in writing. No action shall be brought in any of the following cases: . . . Fourth. Upon any contract for the sale of lands."

"Unless the promise, contract or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, excepting however leases not exceeding the term of three (3) years." § 33-101 Burns' 1949 Replacement.

There is an exception however to the above statute. Certain acts or circumstances will take such a parol contract out of the statute of frauds. Such a contract may be taken out of the statute of frauds and therefore become en- enforceable by a showing of clear and definite proof of the contract followed by full possession, use and control of the property. *Puterbaugh* v. *Puterbaugh* (1891), 131 Ind. 288. Such possession must be clearly shown to have been taken under and in consequence of the contract. *Guckenberger* v. *Shank* (1941), 110 Ind. App. 442, 37 N. E. 2d 708. It has also been settled that the *above* required possession and making of improvements will take the contract out of the statute of frauds. *Horner* v. *McConnell* (1902), 158 Ind. 280. If the above circumstances are not clearly shown and no other extenuating circumstances acting as exceptions are evidenced then there must be at least a memorandum of the contract signed by the parties. The memorandum must set out the terms of the agreement so fully and completely that the court may determine what the party seeking to enforce the agreement was to do as well as what was to be done by the party against whom it was sought to be enforced. *Sheldmyer* v. *Bias* (1942), 112 Ind. App. 522, 45 N. E. 2d 347. The memorandum must embrace all of the essential terms of the contract. If any essential term of the contract is left out or must be shown by parol, then it is not enforceable under the statute of frauds. *Foltz* v. *Evans* (1943), 113 Ind. App. 596, 49 N. E. 2d 358.

As to whether or not the defendant carried his burden in rebuttal we look to the answers to certain interrogatories submitted to the jury. The rule of law, well settled, is that an answer of "no evidence" is a finding that the facts involved are not proved, and is considered a finding against the party having the burden of proof as to the propositions in such interrogatories. *Daily* v. *Ebser* (1961), 131 Ind. App. 632, 174 N. E. 2d 341. The following interrogatories appear controlling and read as follows:

"Interrogatory Number 6.

"Did John T. Hollingsworth, at any time, offer to sell the 80 acre farm described in this lawsuit to George J. Hollingsworth?

Answer: Yes"

"Interrogatory Number 7.

"If your answer to Interrogatory Number 6 is 'yes,' state when this occurred.

Answer: Prior 1955"

"Interrogatory Number 8.

"If your answer to interrogatory Number 6 is 'yes,' did this offer to sell happen after George J. Hollingsworth moved onto said farm?

Answer: No Evidence"

"Interrogatory Number 10.

"If your answer to interrogatory Number 6 is 'yes,' was George J. Hollingsworth in possession of the 80 acre farm when John T. Hollingsworth offered to sell the land to George J. Hollingsworth?

Answer: No Evidence"

"Interrogatory Number 11.

"Did George J. Hollingsworth, at any time, offer to buy the 80 acre farm described in the complaint from John T. Hollingsworth?

Answer: Yes"

"Interrogatory Number 13.

"If your answer to interrogatory number 11 is 'yes,' was the offer made after George J. Hollingsworth moved on the said 80 acre farm?

Answer: No Evidence"

"Interrogatory Number 14.

"If your answer to interrogatory number 11 is 'yes,' was George J. Hollingsworth already at such time in possession of said farm?

Answer: No Evidence"

"Interrogatory Number 16.

"If your answer to either interrogatories 6 or 11, is 'yes,' was either of said offers clear, definite, and certain as to all conditions and terms of a sale with reference to price, possession, method of payment, description of real estate?

Answer: No Evidence"

"Interrogatory Number 18.

"If your answer to either interrogatories 6 or 11, is 'yes,' as to either, was such an offer, to buy, or sell, accepted in the form and under the conditions offered by the other?

Answer: Yes"

"Interrogatory Number 19.

"Do you find that John T. Hollingsworth and George J. Hollingsworth at any time, entered into an offer and acceptance arrangement with reference to the sale of said 80 acre farm, whereby the acceptance of any offer was met by the other and corresponded with the offer in every respect, neither going beyond the terms proposed, but exactly meeting them at all points, and closing the deal without any requirement for further negotiations as to price, method of payment, terms and conditions?

Answer: No Evidence"

"Interrogatory Number 23.

"Did John T. Hollingsworth, at any time, sell the 80 acre farm described in the complaint to George J. Hollingsworth?

Answer: Yes"

"Interrogatory Number 27.

"If your answer to interrogatory No. 23 is 'yes,' state the agreed price, method of payment, interest rate, and any other terms and conditions of the sale as agreed upon by the said parties at the time of the sale?

Answer: No evidence"

Applying the above stated rule as to the effect of the answers of "no evidence" we come to the conclusion that the jury as stated in their answers, could not determine when the defendant took possession; if a contract to sell was in effect when such possession was taken; what

the essential terms of such a contract were; who was in possession at the time the contract was executed; what the obligations were of the parties to the contract, and whether or not there was an actual meeting of minds of the parties to the alleged contract. It is evident therefore that the defendant, as reflected by the answers to the interrogatories, failed to establish the essential elements necessary to defeat the plaintiff-appellant's prima facie case for quiet title and/or possession of realty. The verdict of the jury is clearly inconsistent and is in irreconcilable conflict with the answers to the interrogatories. Where the answers to interrogatories are inconsistent and in irreconcilable conflict with the general verdict the answers control and the court should render judgment on the answers notwithstanding the general verdict. *Cadwallader* v. *The Louisville, New Albany and Chicago Railway Co.* (1891), 128 Ind. 518. *Frank, Administrator* v. *Grimes* (1885), 105 Ind. 346. We hold therefore that the trial court erred in overruling the plaintiff-appellant's motion for judgment on the interrogatories. The decision of the trial court is accordingly reversed and the trial court is directed to enter judgment for the appellant.

Prime, C. J., and Faulconer, J., concur.*

Wickens, J., not participating.

While Judge Martin participated in the hearing of oral argument and a conference of the judges above named, he was not present at the time of, and did not participate in, the adoption of this opinion.

NOTE.—Reported in 214 N. E. 2d 189.