# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**NEAL F. BAILEN**
**DOUGLAS B. BATES**
Stites & Harbison, PLLC
Jeffersonville, Indiana

APPELLEE PRO SE:

**ROBERT HOLLAND**
Gary, Indiana



FILED

Apr 30 2013, 9:30 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

COUNTRYWIDE HOME LOANS, INC., )
)
    Appellant, )
)
       vs. )     No. 45A04-1202-PL-53
)
ROBERT HOLLAND, )
)
    Appellee. )

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Calvin D. Hawkins, Judge
Cause No. 45D02-1010-PL-82

**April 30, 2013**

**OPINION - FOR PUBLICATION**

**FRIEDLANDER, Judge**

This is at least the third installment in a series of appellate cases stemming from Robert Holland's attempts to appropriate vacant residential properties by entering them without invitation and allegedly making improvements.[1] This iteration differs from its predecessors in that Holland had some success on his claims; although the trial court dismissed Holland's action to foreclose on a purported million-dollar, common-law lien against the property at issue in this appeal, he prevailed on summary judgment with respect to his action to quiet title, and he was ultimately awarded nominal damages in the amount of one dollar. Countrywide Home Loans, Inc. (Countrywide), the property's mortgagee, appeals and raises the following issue:

1. Did the trial court improperly grant summary judgment in Holland's favor on his action to quiet title?

Holland cross-appeals[2] and raises the following restated issues:

2. Did the trial court err in dismissing his common-law lien claim?

3. Was the trial court's damage award inadequate as a matter of law?

We conclude that the trial court erred in granting summary judgment on Holland's quiet title action, and we reverse and remand with instructions to enter summary judgment in

---

[1] *See Holland v. Steele*, 961 N.E.2d 516 (Ind. Ct. App. 2012) (affirming summary judgment against Holland on his attempt to quiet title to and foreclose a purported common-law lien against vacant property he entered, and allegedly improved, without permission), *trans. denied*; *Holland v. Mfrs. & Traders Trust Co. ex rel. Contimortgage Home Equity Loan Trust 1995-4*, No. 45A04-1004-PL-324, slip opinion at *3 (Ind. Ct. App. Aug. 4, 2011) (not-for-publication memorandum decision affirming trial court's dismissal of Holland's action to quiet title to vacant property on which he had "squat[ted]" and allegedly improved), *trans. denied*.

[2] Holland's arguments are confused and disorganized, and we have expended a great deal of time and effort in attempting to understand them. To the extent we have not addressed specific arguments set forth in Holland's brief, it is because we find those arguments waived for failure to make a cogent argument. *See Cole v. Holt*, 725 N.E.2d 145 (Ind. Ct. App. 2000), *trans. denied*.

Countrywide's favor. We affirm the trial court's dismissal of Holland's common-law lien claim, and remand with instructions to vacate the award of nominal damages.

Holland, an attorney who identifies himself as "A Concerned Citizen of Gary," *Appellant's Appendix* at 15, has taken to entering vacant residential properties he deems create a nuisance and undertakes efforts to abate the perceived nuisance, all without permission from the property owner. Holland then seeks title to the property as well as compensation for his unsolicited efforts by filing actions to quiet title and to foreclose on purported common-law liens against the subject property.

So it went in this case. The property at issue in this appeal is located on Jefferson Street in Gary, Indiana. Joslyn Washington,[3] the record owner of the property, executed a promissory note and mortgage in Countrywide's favor in 2006. At some point in late 2009 or early 2010, Washington vacated the home. According to Holland, the vacant home fell into disrepair, was vandalized, and became "an attractive nuisance and . . . a haven for unsavory criminals." *Id.* at 18. Holland maintains that he notified Countrywide of the condition of the property, but received no response. Holland thereafter entered and "t[ook] possession" of the home, and he claims that he has begun maintaining and repairing the property. *Id.*

On October 4, 2010, Holland filed a complaint seeking quiet title to the property, as well as the foreclosure on a purported common-law lien "for costs of abating a nuisance property." *Id.* at 16. Holland named as defendants Washington, Countrywide, "and all

---

[3] Although Washington has not filed an appellate brief or otherwise participated in this appeal, she is a party on appeal because she was a party of record at trial. *See* Ind. Appellate Rule 17(A) (providing that "[a] party of record in the trial court . . . shall be a party on appeal").

3

parties of interest and against the world." *Id.* at 15. Holland alleged that Washington had abandoned the property in late 2009 after Countrywide foreclosed, but that Countrywide had not conducted a sheriff's sale or taken any action to secure or maintain the property. Based on his alleged possession of the property and efforts to maintain it, Holland sought title to the property, the declaration of a $100,000 lien, damages in the amount of $100,000, and an order requiring that the property be sold at the next sheriff's sale. Holland subsequently filed a common-law lien against the property in the amount of one million dollars.

On November 29, 2010, Washington filed her answer and affirmative defenses, in which she admitted that she had abandoned the property after Countrywide foreclosed, but that no sheriff's sale had occurred. Washington denied all other allegations, and asserted that she had surrendered her interest in the property to Countrywide as part of her Chapter 7 bankruptcy proceedings, and therefore held no legal or equitable interest in the property. She also alleged that the complaint was filed in violation of the order of automatic stay issued as part of her bankruptcy proceedings.

On December 6, 2010 (before Countrywide's answer became due), Holland filed a motion for judgment on the pleadings with respect to his quiet title claim, in which he disputed Washington's assertions concerning the bankruptcy proceedings and alleged that he was the owner of the property, but made very little mention of Countrywide or its interest in the property.

On December 17, 2010, Countrywide filed its answer, in which it denied all allegations in the complaint, including the allegation that Countrywide had foreclosed on the

4

property and abandoned it. Instead, Countrywide asserted that it held a valid note and mortgage executed by Washington. Countrywide also counterclaimed for slander of title and damages for injury resulting from the recording of a baseless lien. On the same date, Countrywide filed a response in opposition to Holland's motion for judgment on the pleadings.

On December 20, 2010, Countrywide filed a motion to dismiss and brief in support, in which it alleged that the "complaint does not contain any lucid allegation that plaintiff holds title to the real estate. Further, no Indiana statute allows a citizen to voluntarily make repairs to a property and then demand compensation from the owner and mortgagee." *Id.* at 51. Countrywide also pointed out that Holland had not attached the lien to the complaint as required by Ind. Trial Rule 9.2.

Holland filed his motion for summary judgment on January 4, 2011, in which he alleged that the property had been abandoned, that it had become necessary for him to take possession of it, and that he "became the owner of the abandoned property by possessing the abandoned property, abating the nuisances and taking responsibility for the property." *Id.* at 60. He also alleged that he was entitled to recover damages on a theory of unjust enrichment, and that compensatory and punitive damages were appropriate based on his alleged abatement of the nuisance. Holland requested that the trial court schedule a hearing on the motion for February 2, 2011, which had already been scheduled as the hearing date on Holland's motion for judgment on the pleadings and Countrywide's motion to dismiss.

On January 13, 2011, Countrywide filed a motion to postpone the February 2 hearing

and for an extension of time within which to respond to Holland's motion for summary judgment. Holland filed an objection to Countrywide's motion to postpone the hearing and extend the deadline to respond to the motion for summary judgment. The trial court did not rule on Countrywide's motion for extension of time, and the February 2 hearing was cancelled due to a massive snowstorm. The hearing was reset for February 24, 2011, at which time Countrywide still had not filed a response to Holland's motion for summary judgment. At the hearing, Countrywide's pending motion for extension of time was not discussed, and the trial court granted Holland's motion for summary judgment with respect to the quiet title action because Countrywide had not filed a response to the summary judgment motion. The trial court also granted Countrywide's motion to dismiss Holland's common-law lien claim because Holland had not attached a copy of the lien to his complaint. The trial court did not dispose of Countrywide's counterclaims at that time.

After the hearing, Countrywide filed a notice concerning its January 13 motion for extension of time and asked the court to reconsider its ruling based on Countrywide's failure to respond to the motion for summary judgment. On March 11, 2011, Countrywide also filed a motion to reconsider, in which it argued that its failure to respond to the motion for summary judgment did not automatically entitle Holland to summary judgment on the quiet title claim and that Holland was not entitled to summary judgment on the merits. On April 12, 2011, Holland filed a motion to reconsider the dismissal of the common-law lien claim. A hearing was held on May 31, 2011, at the conclusion of which the trial court denied both motions and certified its order for interlocutory appeal.

This court denied Countrywide's motion to accept jurisdiction on August 19, 2011. On December 28, 2011, the trial court held a hearing on Holland's request for damages and ultimately awarded him nominal damages in the amount of one dollar. On January 18, 2012, the trial court granted Countrywide's motion to voluntarily dismiss its counterclaims, thereby rendering the judgment final and appealable. This appeal ensued.

1.

Countrywide argues that the trial court erred in granting summary judgment in Holland's favor. Our standard of review is as follows:

> On review of a trial court's decision to grant or deny summary judgment, we apply the same standard as the trial court: we must decide whether there is a genuine issue of material fact that precludes summary judgment and whether the moving party is entitled to a judgment as a matter of law. Once the moving party has sustained its initial burden of proving the absence of a genuine issue of material fact and the appropriateness of judgment as a matter of law, the party opposing summary judgment must respond by designating specific facts establishing a genuine issue for trial. We may consider only those portions of the pleadings, depositions, and any other matters specifically designated to the trial court by the parties for purposes of the motion for summary judgment. Any doubt as to the existence of an issue of material fact, or an inference to be drawn from the facts, must be resolved in favor of the nonmoving party. Although the nonmovant has the burden of demonstrating that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that the nonmovant was not improperly denied his or her day in court.

*Alexander v. Marion Cnty. Sheriff*, 891 N.E.2d 87, 92 (Ind. Ct. App. 2008) (quoting *City of Mishawaka v. Kvale*, 810 N.E.2d 1129, 1132-33 (Ind. Ct. App. 2004)), *trans. denied.* "We may affirm the grant of summary judgment on any basis argued by the parties and supported by the record." *CFS, LLC v. Bank of Am.*, 962 N.E.2d 151, 153 (Ind. Ct. App. 2012).

Countrywide argues that the trial court erred in concluding that Holland was

automatically entitled to summary judgment as result of Countrywide's failure to file a response to Holland's motion for summary judgment. "[T]he lack of opposition to another's motion for summary judgment does not result in 'an automatic summary judgment' because the 'moving party still bears the burden of showing the propriety of summary judgment.'" *Alexander v. Dowell*, 669 N.E.2d 436, 439 (Ind. Ct. App. 1996) (quoting *Carroll v. Lordy*, 431 N.E.2d 118, 121 (Ind. Ct. App. 1982)).

In this case, the trial court repeatedly stated on the record that summary judgment was granted due to Countrywide's failure to file a response to Holland's motion for summary judgment. At the February 24, 2011 hearing on the motion for summary judgment, the trial court stated that the "[m]otion for summary judgment is going to be granted . . . because there was no response whatsoever on the part of the defendant Countrywide . . . ." *Transcript* at 52. At the May 31, 2011 hearing on Countrywide's motion to reconsider, the trial court again indicated that summary judgment had been granted due to Countrywide's failure to respond. *Id.* at 85 ("[a]s I look at it, because they didn't respond, you were granted quiet title"). At the December 28, 2011 hearing on damages, the trial court made the following statements:

> The primary reason that summary judgment was granted to you, Mr. Holland, was because there was not a timely response to your motion filed, and we certified it. . . . Because some of the aspects of this case, notwithstanding what you believe, Mr. Holland, what you may have done, I have some real problems with it as a jurist. I have some problems with it. . . .
>
> My companion courts have ruled, had they responded, you would have--more than likely, you wouldn't have been given a summary judgment; probably would have been a summary judgment in their favor. Because what you're saying, and that's why I'm putting this on the record, so a court above will hear what I'm saying, that notwithstanding a lien, that I can go into a house that I have no control over whatsoever other than I see it's abandoned, and maybe

8

for some altruistic purpose that I may perceive to be a nuisance to my house and just take it over. Take it over. And you have--you've underscored cases, sir. But I have some problems with that as a jurist, because that opens the door for people to go into any house, any home, anywhere, and notwithstanding a lien. I'm going a little far, you may have some basis for going after Countrywide because some of these mortgage companies have done some things that haven't been too kosher. But the way that I perceive that you did it, was not correct.

*Id.* at 158-160.

Thus, despite Holland's arguments to the contrary, it is quite clear that the trial court's decision to grant summary judgment was based on its incorrect assumption that Countrywide's failure to file a response automatically entitled Holland to summary judgment. Indeed, the court went so far as to state on the record that Holland would not have been entitled to summary judgment had a response been filed and that, in fact, Countrywide would probably have been entitled to summary judgment in its favor. We therefore conclude that the trial court erred in entering summary judgment solely on the basis of Countrywide's failure to file a response.

Nevertheless, Holland insists that he was entitled to summary judgment on the merits of his quiet title claim. This court has held that

[a] suit to quiet title brings in issue all claims to the property in question. Hence, a plaintiff may recover only upon the strength of his own title. He must show legal title with a present right of possession paramount to the title of the defendant. It is therefore appropriate under the issues for a defendant to prove the plaintiff and those claiming under him do not have title or interest in the property.

*Consolidation Coal Co. v. Mutchman*, 565 N.E.2d 1074, 1078 (Ind. Ct. App. 1990) (citations omitted).

Countrywide argues that Holland cannot prevail on the merits of his action to quiet title because he has not established a valid legal interest in the property, and certainly not an interest paramount to Countrywide's. For his part, Holland contends the property was abandoned, and he consequently became the owner of the property when he entered and took possession. In support of this contention, Holland cites cases for the proposition that "[a]bandonment of property divests the owner of his ownership, so as to bar him from further claim to it. Except that he, like anyone else, may appropriate it once it is abandoned if it has not already been appropriated by someone else." *Schuler v. Langdon*, 433 N.E.2d 841, 842 n.1 (Ind. Ct. App. 1982); *see also Long v. Dilling Mech. Contractors*, 705 N.E.2d 1022 (Ind. Ct. App. 1999), *trans. denied*.

What Holland fails to acknowledge, however, is that these cases addressed the legal effect of abandonment of *personal* property, as opposed to real property. *See Schuler v. Langdon*, 433 N.E.2d at 842 n.1 ("*[p]ersonalty*, on being abandoned, ceases to be the property of any person, and thenceforth is no man's property, unless and until it is reduced to possession with intent to acquire title to, or ownership of, it" (emphasis supplied, quotation omitted)). With respect to real property, it is well-settled that "[t]itle in fee simple is not lost by mere abandonment." *Simkin v. New York Cent. R.R. Co.*, 138 Ind. App. 668, 670, 214 N.E.2d 661, 662 (1966); *see also Hochstetler Living Trust v. Friends of Pumpkinvine Nature Trail, Inc.*, 947 N.E.2d 928 (Ind. Ct. App. 2011). Thus, even assuming that the property was abandoned within the meaning of the law, such abandonment did not divest the fee simple owner, whether it is Washington, Countrywide, or some unknown third party, of legal title

10

such that Holland could acquire it by merely taking possession of the property.

Indeed, Holland's argument that an individual gains ownership of an abandoned piece of real property immediately upon taking possession is in direct conflict with the existing law of adverse possession. To obtain ownership of land by adverse possession, the possessor must prove, among other things, that he has continuously possessed the land for ten years. *Fraley v. Minger*, 829 N.E.2d 476 (Ind. 2005). By his own admission, Holland has not claimed possession of the real estate anywhere near long enough to support such a claim. A rule allowing an entrant on abandoned real property to immediately obtain legal title simply by taking possession thereof cannot be reconciled with the law of adverse possession.

Holland also cites *Pittsburg, C., C. & St. Louis Ry. Co. v. Wilson*, 46 Ind. App. 444, 91 N.E. 725 (1910) and *Abel v. Love*, 81 Ind. App. 328, 143 N.E. 515 (1924) for the proposition that his possession of the property, without more, is sufficient evidence of his legal title to the property. These cases are inapposite, as neither dealt with circumstances remotely analogous to those at issue here. *Abel v. Love* addressed a claim of title through adverse possession and, as we have explained, Holland clearly cannot establish that he has obtained title to the property in that manner. The statement Holland cites from *Pittsburg, C., C. & St. Louis Ry. Co. v. Wilson* provides that "possession of land is sufficient evidence to refer the question of title to the jury." 46 Ind. App. at 444, 91 N.E. at 727. But the court also stated that "[p]roof of occupancy of land is sufficient evidence of title in the occupant as against all persons *except those claiming under a superior title*." *Id.* (emphasis supplied). Washington, the record owner, and Countrywide, the holder of a mortgage lien, clearly claim superior title to

11

the land than a mere possessor. In sum, these cases simply do not support Holland's assertion that his entry onto and possession of the property immediately wrested legal title from the fee simple owner and transferred it to him.

Holland also makes a number of arguments addressed to the validity of Washington's and Countrywide's legal interests in the property. Most notably, Holland accuses Washington and Countrywide of obtaining their interests in the property through fraud, and he argues that they should be deemed to have admitted not holding an ownership interest in the property because they failed to assert such an interest in their answers. *Appellee's Brief* at 17. Holland's arguments miss the mark entirely. "In an action to quiet title or for possession of land the plaintiff must recover, if at all, on the strength of his own title and not on the weakness of his adversary's title." *Otterman v. Hollingsworth*, 140 Ind. App. 281, 285, 214 N.E.2d 189, 192 (1966). Thus, the possibility that there is some defect or weakness in Washington's and/or Countrywide's alleged interests in the property does nothing to strengthen Holland's claim to title of the property.

Holland also seems to argue that he was entitled to quiet title based on a nuisance theory. More specifically, he seems to argue that he had a legal interest in the property by virtue of a common-law lien that arose when he took action to abate the perceived nuisance.[4] In *Holland v. Steele*, 961 N.E.2d 516 (Ind. Ct. App 2012), *trans. denied*, Holland raised a nearly identical argument, which this court rejected. Holland's nuisance claim in this action

---

[4] We say that he "seems" to make this argument because it is not entirely clear whether he asserts nuisance as the basis for his lien claim only, or as the basis of both the lien claim and the action to quiet title. In either event, as we explain above, his claim must fail.

12

cannot succeed for the same reasons. As this court explained in *Holland v. Steele*,

> [i]n Indiana, nuisances are defined by statute. Indiana Code Section 32-30-6-6 defines an actionable nuisance as: "Whatever is (1) injurious to health; (2) indecent; (3) offensive to the senses; or (4) an obstruction to the free use of property; so as essentially to interfere with the comfortable enjoyment of life or property[.]" A public nuisance is that which affects an entire neighborhood or community while a private nuisance affects only one individual or a determinate number of people. *Wernke v. Halas*, 600 N.E.2d 117, 120 (Ind. Ct. App. 1992). The essence of a private nuisance is the use of property to the detriment of the use and enjoyment of another's property. *Id.* A public nuisance is caused by an unreasonable interference with a common right. *Indiana Limestone Co. v. Staggs*, 672 N.E.2d 1377, 1384 (Ind. Ct. App. 1996), *trans. denied*.

*Id.* at 524. The court further explained that while private parties generally have no right of action for a public nuisance, "a party may bring a successful private action to abate a public nuisance if the party demonstrates special and peculiar injury apart from the injury suffered by the general public." *Id.* at 525.

Here, like in *Holland v. Steele*, Holland has alleged facts that would, at most, support a conclusion that the property created a public nuisance. In his complaint, Holland made the following allegations:

> The Defendant Countrywide (Bank of America) has never taken possession of the property and has refused to assume responsibility for the care, maintenance and hazards that the abandoned building creates. The abandoned building has invited a criminal element in the neighborhood. Police have been called on at least three occasions by neighbors to stop the looting and destruction of the house. The abandoned building has been used for the purpose of using illegal drugs. Drug paraphernalia was found and obscene pornographic materials are on the floor in several of the rooms. The house has been vandalized and materials stolen from the property. On one occasion the next door neighbor, who lives just 10 feet away, was at his home and actually witnessed criminals trying to steal the air conditioner from the home. The neighbors no longer feel safe. They fear that there [sic] property will be stolen or they will be hurt by the criminals. The property is within

approximately 100 yards from a play ground and a church. Also, the property is within less than approximately 1000 yards of an elementary school. Elementary age school children must come in close proximity to the property in order to go to school.

The area near seventh avenue [sic] is newly developed, extremely well taken care of and a source of pride for the entire City of Gary, Indiana. The property has become in disrepair and is an eyesore for the neighborhood. The property sticks out like a sore thumb. It was an extreme embarrassment and posed an extreme danger to the community as both an attractive nuisance and as a haven for criminals. The property sits vacant and can not be sold to an interested party that will care for it. The value of the other homes in the neighborhood go down. Taxes in the area go up. Because taxes are not being paid revenue for public schools and other government facilities go down. Students receive a lower quality education and the citizen's [sic] of Gary, Indiana suffer from less and less governmental services. Countrywide (Bank of America) has not ever taken possession of the property or done anything to sell, monitor, protect, maintain and/or repair the property.

*Appellant's Appendix* at 17-18. Holland made the same allegations in his motion for summary judgment, and his designated materials included an affidavit from a neighbor containing nearly identical assertions.

Thus, Holland has "alleged that an entire neighborhood, community, and ultimately a city were affected." *Holland v. Steele*, 961 N.E.2d at 525. In other words, Holland has alleged a public nuisance. *See id.* Holland has not, however, made any allegation that he suffered any special or peculiar injury apart from the injury suffered by the general public. Accordingly, he has not established a private right to relief premised on public nuisance.

We remind Holland of this court's statement in *Holland v. Steele*:

The crux of Holland's contentions is that he, as a private individual, should have an unfettered citizen's right to act to abate a nuisance that contributes to urban blight. However, it is not within our purview to opine on policy questions surrounding a legislative or governmental response to urban problems. "It is the province of the public authorities to procure redress for public wrongs." *Adams v. Ohio Falls Car Co.,* 131 Ind. 375, 31 N.E. 57, 58

14

(1892).

*Id.* Holland is not entitled to relief based on a nuisance theory.

For all of these reasons, we conclude that Holland has presented no colorable claim to legal title of the property and, consequently, cannot prevail in his action to quiet title. Accordingly, the trial court erred in granting summary judgment in his favor on that claim. We also note that T.R. 56(C) provides that "[w]hen any party has moved for summary judgment, the court may grant summary judgment for any other party upon the issues raised by the motion although no motion for summary judgment is filed by such party." Although neither Countrywide nor Washington filed a motion for summary judgment, because Holland has not asserted any plausible claim to legal title of the property, he cannot prevail on his action to quiet title. We therefore remand with instructions to vacate summary judgment in Holland's favor and enter summary judgment against him on his quiet title claim.

2.

On cross-appeal, Holland argues that the trial court abused its discretion by granting Countrywide's motion to dismiss his common-law lien claim. In its motion to dismiss, Countrywide argued that Holland's claims should be dismissed because they failed as a matter of law. In other words, Countrywide argued that Holland had failed to state a claim upon which relief can be granted.

> A motion to dismiss for failure to state a claim tests the legal sufficiency of the claim, not the facts supporting it. Thus, our review of a trial court's grant or denial of a motion based on Trial Rule 12(B)(6) is de novo. When reviewing a motion to dismiss, we view the pleadings in the light most favorable to the nonmoving party, with every reasonable inference construed in the nonmovant's favor. A complaint may not be dismissed for failure to state a

claim upon which relief can be granted unless it is clear on the face of the complaint that the complaining party is not entitled to relief. However, a court need not accept as true any "conclusory, non-factual assertions or legal conclusions." "Thus, while we do not test the sufficiency of the facts alleged with regards to their adequacy to provide recovery, we do test their sufficiency with regards to whether or not they have stated some factual scenario in which a legally actionable injury has occurred."

*Ankeny v. Governor of State of Ind.*, 916 N.E.2d 678, 680-81 (Ind. Ct. App. 2009) (citations and footnote omitted), *trans. denied*.

"In Indiana, a 'lien' is a claim which a person holds on another's property as a security for an indebtedness or charge. Where there is no debt, however, in the absence of law, a lien cannot exist." *Terpstra v. Farmers & Merchants Bank*, 483 N.E.2d 749, 755 (Ind. Ct. App. 1985). In his complaint, the only "debt" Holland asserted was the amount he believed he was owed for the work he put into abating the perceived nuisance the house presented. But as we explained above, Holland has alleged only a public nuisance, and he has not alleged any special or peculiar injury beyond that suffered by the public in general as would give rise to a private right of action. Accordingly, the allegations set forth in the complaint do not state a factual scenario supporting any claim of a legally actionable debt based on Holland's actions to abate the alleged nuisance.[5]

Nevertheless, Holland claims that it was error to dismiss his common-law lien claim because Countrywide and Washington perpetrated some sort of fraud on the trial court.

---

[5] Although Holland raised a claim of unjust enrichment in his complaint, he makes no such claim on appeal, and therefore appears to have abandoned that argument. Nevertheless, we note that a party seeking to recover on a theory of unjust enrichment or *quantum meruit* must demonstrate that a benefit was rendered to another *at the express or implied request* of that party. *Kelly v. Levandoski*, 825 N.E.2d 850 (Ind. Ct. App. 2005), *trans. denied*. Holland has not alleged any facts that would support a conclusion that Countrywide or Washington made any such express or implied request that he take possession of or make improvements to the property.

16

Though the specifics of the alleged fraud are difficult to discern, it appears to have something to do with Washington's representations concerning her bankruptcy and Countrywide's knowledge thereof. We are at a loss to understand how these allegations are relevant to the existence or nonexistence of a valid lien against the property based on Holland's nuisance claim. As a result, Holland's argument in this regard is waived for failure to make a cogent argument. *See Tillotson v. Clay Cnty. Dep't of Family & Children*, 777 N.E.2d 741 (Ind. Ct. App. 2002) (finding argument waived for failure to present a cogent argument), *trans. denied*. For all of these reasons, we cannot conclude that the trial court erred in granting Countrywide's motion to dismiss Holland's common-law lien claim.

3.

Finally, Holland argues that the award of one dollar in nominal damages was inadequate as a matter of law. The only basis of liability he asserts, however, is his nuisance claim, which we have already rejected. Thus, there is no basis for even the nominal damages awarded by the trial court. We therefore reverse and remand with instructions to vacate the award of nominal damages.

Judgment reversed and remanded with instructions.

NAJAM, J., and BRADFORD, J., concur.