## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 25 2016, 7:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kirk R. Jocham
Greenfield, Indiana

ATTORNEY FOR APPELLEE

Michael L. Starzec
Blitt and Gaines, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kirk R. Jocham,<br>*Appellant-Defendant,*<br><br>v.<br><br>Discover Bank,<br>*Appellee-Plaintiff* | May 25, 2016<br><br>Court of Appeals Case No.<br>30A01-1504-CC-150<br><br>Interlocutory Appeal from the<br>Hancock Superior Court<br><br>The Honorable Terry K. Snow,<br>Judge<br><br>The Honorable R. Scott Sirk,<br>Commissioner<br><br>Trial Court Cause No.<br>30D01-1401-CC-49 |

**Crone, Judge.**

# Case Summary

Kirk R. Jocham, pro se, brings an interlocutory appeal from the trial court's orders in favor of Discover Bank ("Discover") granting a motion to withdraw admissions and granting additional time to respond to Jocham's summary judgment motion. Jocham argues that the trial court abused its discretion in granting Discover's motion to withdraw and exceeded its authority in granting Discover additional time to respond to summary judgment. Finding that the trial court did not abuse its discretion in granting Discover's motion to withdraw admissions, but that this order renders the additional time issue moot, we affirm the order granting the motion to withdraw, vacate the order granting additional time, and remand for further proceedings.

# Facts and Procedural History

On January 15, 2014, Discover filed a complaint against Jocham alleging that he "utilized a charge account and/or line of credit issued by [Discover] whereby [he] could charge goods and services to their account and/or receive cash advances." Appellant's App. at 24. Discover further alleged that Jocham "subsequently defaulted by failing to pay for the indebtedness incurred resulting in the balance due [Discover] of $15,166.55." *Id*. Finally, Discover alleged that "[d]ue demand has been made on [Jocham] to pay this amount" and he has "failed to do so." *Id*. Jocham subsequently filed his answer to the complaint essentially denying the allegations and asserting several affirmative defenses.

On November 10, 2014, Jocham sent by certified mail his "First Request for Admissions and Related Interrogatory" to Indianapolis counsel for Discover. *Id.* at 29. The record indicates that an employee at counsel's office signed for the requests for admissions on November 12, 2014. Discover did not answer or otherwise respond to the request for admissions within thirty days after service thereof as designated in Jocham's request. Therefore, pursuant to Indiana Trial Rule 36(A), the following matters requested to be admitted were deemed admitted by operation of law on December 12, 2014:

> 1. Admit there is no written agreement or written contract, signed by Jocham, between Jocham and Discover.
>
> 2. Admit there is no agreement or contract between Jocham and Discover.
>
> 3. Admit there is no written agreement or written contract, signed by Jocham, between Discover and Jocham obligating Jocham to pay Discover the alleged debt.
>
> 4. Admit there is no agreement or contract between Discover and Jocham obligating Jocham to pay Discover the alleged debt.
>
> 5. Admit there is no charge account issued by Discover whereby Jocham could charge goods and services.
>
> 6. Admit there is no line of credit issued by Discover whereby Jocham could charge goods and services.
>
> 7. Admit there no charge account issued by Discover whereby Jocham could receive cash advances.

8. Admit there is no line of credit issued by Discover whereby Jocham could receive cash advances.

9. Admit Jocham has not failed to pay any indebtedness to Discover.

10. Admit no due demand has been made on Jocham to pay any alleged indebtedness to Discover.

11. Admit Jocham is not indebted to Discover.

12. Admit Jocham does not owe Discover any payment.

13. Admit no money is due Discover from Jocham.

14. Admit there is no written agreement or written contract, signed by Jocham, between Jocham and Discover obligating Jocham to pay Discover's attorney fees.

15. Admit there is no agreement or contract between Jocham and Discover obligating Jocham to pay Discover's attorney fees.

16. Admit there is no law obligating Jocham to pay Discover's attorney fees.

*Id*. at 29-32.[1]

[4] Based upon these admissions, Jocham filed a motion for summary judgment and designation of evidence on January 12, 2015. On January 30, 2015, Discover filed its reply to Jocham's motion for summary judgment and

---

[1] The requests for admission refer to the parties as "Plaintiff" and "Defendant," but we use their names for purposes of clarity.

requested leave to answer discovery pursuant to Indiana Trial Rule 60(B). Discover did not designate any evidence in opposition to summary judgment in its reply. On February 2, 2015, the trial court entered an order granting Discover an additional thirty days to answer discovery and found that "no summary judgment is granted" at this time. *Id*. at 6.

On February 25, 2015, Jocham filed his response to Discover's reply to his motion for summary judgment and request for leave to answer discovery. Among other things, Jocham asserted that Trial Rule 60(B) was inapplicable to Discover's request for leave to answer discovery. Accordingly, on March 2, 2015, Discover filed a motion for withdrawal of admissions pursuant to Indiana Trial Rule 36(B). The trial court held a hearing on Jocham's motion for summary judgment on March 3, 2015. Following the hearing, the trial court entered an order granting Discover's motion for withdrawal of admissions. The trial court also ordered,

> the court hereby finds and rules in the interest of equity and fairness the court allows [Discover] 30 days to properly respond to [Jocham's] motion for summary judgment. [Discover] shall have 30 days from today[']s date to file a response pursuant to 56(C) of the Indiana Rules of Trial Procedure on or before April 3, 2015. Court sets matter for summary judgment hearing on [Jocham's] motion on April 14, 2015....

*Id*. at 10. The trial court certified its orders at Jocham's request, and we accepted jurisdiction of this interlocutory appeal.

# Discussion and Decision

[6] Jocham appeals two orders of the trial court: the court's order granting Discover's motion for withdrawal of admissions and its order granting Discover an additional thirty days to respond to summary judgment. We will address each order in turn.

## Section 1 – The trial court did not abuse its discretion in granting Discover's motion to withdraw admissions.

[7] Pursuant to Indiana Trial Rule 36, "the failure to respond in a timely manner to a request for admissions causes those matters to be admitted and conclusively established by operation of law." *Larson v. Karagan*, 979 N.E.2d 655, 660 (Ind. Ct. App. 2012). "Requests for admissions under T.R. 36 may, in addition to addressing evidentiary matters, ask for admissions as to legal issues, contentions, and conclusions, if related to the facts of the case." *Id*. Matters that are admitted according to the rule are deemed conclusively established, eliminating the need to prove them at trial. *Id*.

[8] However, pursuant to Trial Rule 36(B), a party who made admissions by failing to respond may move to withdraw those admissions. *Id*. A trial court may grant a motion to withdraw admissions if it determines both: (1) withdrawal or amendment will subserve the presentation of the merits, and (2) prejudice in maintaining the action or defense will not result to the party obtaining the admissions. *Id*. "The party seeking withdrawal has the burden of demonstrating the presentation of the merits will be subserved by withdrawal,

and the party who obtained the admissions has the burden of demonstrating it will be prejudiced if the trial court permits withdrawal." *Id.* In this context, prejudice does not mean that the party who has obtained the admissions will lose the benefit of the admissions. *Cross v. Cross*, 891 N.E.2d 635, 640 (Ind. Ct. App. 2008). Instead, it means that the party has suffered a detriment in the preparation of his case, such as where the party who obtained the admissions is unable to produce key witnesses or present important evidence. *City of Muncie v. Peters*, 709 N.E.2d 50, 55 (Ind. Ct. App. 1999), *trans. denied*.

[9] Our supreme court has specifically noted that the underlying purpose of Trial Rule 36(B) is to "avoid the binding effect of inadvertent admissions." *Gen. Motors Corp. v. Aetna Cas. & Sur. Co.,* 573 N.E.2d 885, 889 (Ind. 1991). Moreover, this Court has emphasized that Trial Rule 36(B) focuses "on the policy of furthering a just and complete resolution of the merits." *Gary Mun. Airport Auth. Dist. v. Peters*, 550 N.E.2d 828, 831 (Ind. Ct. App. 1990). Even if both conditions of Trial Rule 36(B) are satisfied, the trial court is not compelled to grant a request to withdraw admissions. *Cross*, 891 N.E.2d at 639. We will reverse the trial court's decision only for an abuse of discretion. *Id.*

[10] Here, in support of its motion to withdraw its admissions, Discover claimed that its failure to timely respond to Jocham's request for admissions was inadvertent. Counsel for Discover explained that although an employee from their Indianapolis office evidently received and signed for the requests for admissions, for unknown reasons that employee failed to forward the propounded discovery to their Chicago office as is the general practice.

Counsel for Discover averred that he was wholly unaware of the requests for admissions until Jocham filed his motion for summary judgment. At that point, Discover requested leave to answer the request for admissions and subsequently moved for their withdrawal. Discover contended that its failure to respond to the requests was not purposeful but was inadvertently caused by a failure "in its communication process." Appellant's App. at 35. It was the trial court's prerogative to assess the credibility of Discover's explanations of inadvertence, and we will not second-guess these credibility assessments on appeal. *See Allstate Ins. Co. v. Scroghan*, 851 N.E.2d 317, 322 (Ind. Ct. App. 2006).

[11] As to whether withdrawal of the admissions will subserve the presentation of the merits, we note that each request for admission tendered by Jocham involved the denial of the existence of a contract between the parties as well as a denial of all indebtedness owed by Jocham to Discover. The record indicates that nearly a year before those requests were tendered, Discover filed a motion for summary judgment supported by the designation of the parties' credit card agreement and monthly billing statements evidencing such indebtedness. There is no question that Discover contests the core controverted issues, and withdrawal of the admissions will promote a just and complete resolution of them. Discover has met its burden to demonstrate that withdrawal of its inadvertent admissions would subserve the presentation of the merits.

[12] Regarding prejudice, while we do not condone Discover's failure to respond, Jocham has not shown that he has suffered a detriment in the preparation of his

case or that he will be unable to produce key witnesses or present important evidence if the admissions are withdrawn. He has only shown that he has lost the benefit of having the matters deemed admitted, which is not prejudice in this context. *See Cross*, 891 N.E.2d at 640. Jocham has failed to demonstrate that he will be prejudiced by the withdrawal of the admissions. Under the circumstances, we cannot say that the trial court abused its discretion in granting Discover's motion to withdraw and we affirm that order.

## Section 2 – Withdrawal of the admissions renders the summary judgment extension of time issue moot.

[13] Turning to the trial court's order granting Discover additional time to respond to Jocham's motion for summary judgment, Jocham maintains that, because Discover failed to designate evidence or otherwise properly respond to his motion for summary judgment within thirty days of its filing, the trial court was without authority to grant Discover additional time to file a response. *See Regalado v. Estate of Regalado*, 933 N.E.2d 512, 518 (Ind. Ct. App. 2010) (concluding that when a nonmoving party fails to respond to a motion for summary judgment "within thirty days by either filing a response, requesting a continuance under Trial Rule 56(I), or filing an affidavit under Trial Rule 56(F), the trial court cannot consider summary judgment filings of that party subsequent to the thirty-day period."); *see also Mitchell v. 10th & The Bypass, LLC*, 3 N.E.3d 967, 972 (Ind. 2014) (noting "bright line rule" that nonmoving party must respond or seek extension of time within thirty days from the date the moving party filed for summary judgment or trial court lacks discretion to

consider subsequent summary judgment filings of that party). However, we need not address the trial court's authority to grant such an extension of time because the issue has been rendered moot.

[14] An issue is moot when the principal questions in an issue have ceased to be matters of real controversy between the parties. *Rainbow Cmty., Inc. v. Town of Burns Harbor*, 880 N.E.2d 1254, 1260-61 (Ind. Ct. App. 2008). Because we have concluded that the trial court did not abuse its discretion in permitting Discover to withdraw its admissions, there remains essentially no designated evidence to support Jocham's motion for summary judgment. Consequently, it would be futile at this point for Discover to respond to Jocham's motion. It is well settled that the party moving for summary judgment bears the initial burden to demonstrate the absence of any genuine issue of material fact as to a determinative issue. *Hughley v. State,* 15 N.E.3d 1000, 1003 (Ind. 2014). Only then does the burden shift to the nonmovant to present contrary evidence showing an issue for the trier of fact. *Id.* The mere lack of opposition to the motion does not result in an automatic summary judgment. *Countrywide Home Loans, Inc. v. Holland*, 993 N.E.2d 184, 189 (Ind. Ct. App. 2013). Without the admissions, Jocham has not met his burden to prove the absence of any genuine issue of material fact, and therefore the burden has not shifted to Discover to present contrary evidence. Accordingly, no response by Discover is necessary, and on remand, the trial court will be constrained to deny Jocham's motion for summary judgment. Because the summary judgment extension of time issue has been rendered moot in light of the trial court's order granting the motion to

withdraw admissions, we vacate the order granting Discover additional time to respond to summary judgment and remand for further proceedings consistent with this opinion.

[15] Affirmed in part, vacated in part, and remanded.

Najam, J., and Robb, J., concur.