# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 23 2017, 7:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Scott King
Russell W. Brown, Jr.
Scott King Group
Merrillville, Indiana

ATTORNEY FOR APPELLEE

Rinzer Williams III
Gary, Indiana

# I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lindal Hairston, <br> *Appellant-Plaintiff*, <br><br> v. <br><br> City of Gary Police Civil Service Commission, <br> *Appellee-Defendant*. | August 23, 2017 <br><br> Court of Appeals Case No. <br> 45A03-1704-MI-808 <br><br> Appeal from the <br> Lake Superior Court <br><br> The Honorable <br> Diane Kavadias Schneider, Judge <br><br> Trial Court Cause No. <br> 45D11-1512-MI-73 |

**Kirsch, Judge.**

[1] Lindal Hairston ("Hairston") appeals the trial court's order that denied his motion for summary judgment, thereby affirming the City of Gary Police Civil Service Commission's ("the Commission") decision to terminate Hairston.

Hairston raises the following restated issue for our review on appeal: whether the Commission's decision to terminate Hairston was arbitrary and capricious or not in accordance with the law.

We affirm.

## Facts and Procedural History

On December 22, 2010, Hairston, who at that time was a Sergeant with the City of Gary Police Department, pulled over a vehicle driven by Russell Thomas ("Thomas") in Gary, Indiana. During the stop of the vehicle, Thomas was arrested. As a result of this encounter between Thomas and Hairston, Thomas filed a complaint with the City of Gary Police Department Internal Affairs Division ("Internal Affairs") against Hairston on January 7, 2011, alleging police harassment. Based on this Internal Affairs complaint, the City of Gary Police Department, through its Chief of Police, filed a Verified Complaint with the Commission against Hairston on April 12, 2011. On August 30, 2011, the City of Gary Police Department withdrew its Verified Complaint. After filing his complaint, Thomas regularly inquired to the City of Gary Police Department about the status of his complaint, but due to "multiple turnovers in the Police Department, his case was lost or out on hold in the system." *Appellant's App. Vol. III* at 226.

On September 22, 2014, Thomas filed his own Verified Complaint against Hairston with the Commission alleging misconduct. Attorney Daryl D. Jones ("Hearing Officer") was assigned to be the Hearing Officer on the matter, and a

hearing was held on the complaint on January 22, 2015. Evidence and testimony was presented, and after considering this evidence, the Hearing Officer filed his "Recommended Finding and Determination" on June 22, 2015. *Id*. at 225-26. The Hearing Officer found that Hairston had violated the standard operating procedures of the City of Gary Police Department and found Thomas's complaint to be timely. The Hearing Officer recommended that Hairston be suspended without pay for fourteen days.

[5] On September 3, 2015, the Commission voted to modify the Hearing Officer's recommendation from a fourteen-day suspension to termination of Hairston's employment. Hairston filed a notice of appeal of the Commission's decision, and his request for an appeal was granted. On December 8, 2015, the Commission voted to sustain the decision to terminate Hairston's employment. On December 22, 2015, Hairston filed his "Verified Appeal from a Decision of the City of Gary Civil Service Commission" with the Lake Superior Court. *Appellant's App. Vol. II* at 10. On October 11, 2016, Hairston filed a motion for summary judgment. No hearing was held on the motion, and on March 16, 2017, the trial court issued its order denying Hairston's motion for summary judgment, affirming the decision of the Commission to terminate Hairston's employment, and also finding that the Commission's decision was not arbitrary and capricious. Hairston now appeals.

## Discussion and Decision

[6] When reviewing the grant of summary judgment, our standard of review is the same as that of the trial court. *FLM, LLC v. Cincinnati Ins. Co.,* 973 N.E.2d

1167, 1173 (Ind. Ct. App. 2012) (citing *Wilcox Mfg. Grp., Inc. v. Mktg. Servs. of Ind., Inc.,* 832 N.E.2d 559, 562 (Ind. Ct. App. 2005)), *trans. denied.* We stand in the shoes of the trial court and apply a *de novo* standard of review. *Id.* (citing *Cox v. N. Ind. Pub. Serv. Co.,* 848 N.E.2d 690, 695 (Ind. Ct. App. 2006)). Our review of a summary judgment motion is limited to those materials designated to the trial court. Ind. Trial Rule 56(H); *Robson v. Tex. E. Corp.,* 833 N.E.2d 461, 466 (Ind. Ct. App. 2005), *trans. denied.* Summary judgment is appropriate only where the designated evidence shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. T.R. 56(C). We view the pleadings and designated materials in the light most favorable to the non-moving party. *Id.* Additionally, all facts and reasonable inferences from those facts are construed in favor of the non-moving party. *Id.* (citing *Troxel Equip. Co. v. Limberlost Bancshares,* 833 N.E.2d 36, 40 (Ind. Ct. App. 2005), *trans. denied*). A trial court's grant of summary judgment is clothed with a presumption of validity, and the party who lost in the trial court has the burden of demonstrating that the grant of summary judgment was erroneous. *FLM,* 973 N.E.2d at 1173. We will affirm upon any theory or basis supported by the designated materials. *Id.*

[7] Hairston argues that the trial court erred in denying his motion for summary judgment because the Commission's decision to terminate him was arbitrary and capricious and not in accordance with the law. Specifically, Hairston contends that Thomas did not file a timely complaint under the Commission's Rules of Procedure, and because Thomas's complaint violated time constraints,

the complaint was barred by the Commission's Rules of Procedure. He asserts that the Commission's decision not to dismiss Thomas's complaint was "patently unreasonable and lacked a basis which might lead a reasonable person to the same conclusion." *Appellant's Br*. at 12. Hairston further claims that, in making the decision to terminate him, the Commission disregarded the law and acted not in accordance with the law. Therefore, the trial court's order to affirm the Commission's decision should be reversed.

[8] Judicial review of administrative decisions is very limited. *Winters v. City of Evansville*, 29 N.E.3d 773, 778 (Ind. Ct. App. 2015) (citing *City of Indianapolis v. Woods,* 703 N.E.2d 1087, 1090 (Ind. Ct. App. 1998), *trans. denied*), *trans. denied*. "Discretionary decisions of administrative bodies, including those of police merit commissions, are entitled to deference absent a showing that the decision was arbitrary and capricious, or an abuse of discretion, or otherwise not in accordance with law." *Id*. Review of administrative decisions is limited to determining whether the administrative body adhered to proper legal procedure and made a finding based upon substantial evidence in accordance with appropriate constitutional and statutory provisions. *Id*. "The reviewing court may not substitute its judgment for that of the administrative body or modify a penalty imposed by that body in a disciplinary action, without a showing that such action was arbitrary and capricious." *Id*.

[9] The party challenging the administrative decision has the burden of proving that the decision was arbitrary and capricious. *Id*. An arbitrary and capricious decision is one which is patently unreasonable, made without consideration of

the facts and in total disregard of the circumstances, and lacks any basis which might lead a reasonable person to the same conclusion. *Id*. Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *Id.*

[10] Pursuant to the Commission's Rule of Procedure Rule 7(A):

> Except as otherwise provided, disciplinary proceedings must be commenced within one-hundred and twenty (120) days from the date the alleged misconduct is discovered. Disciplinary proceedings against a police officer are barred after the expiration of two (2) years from the date of the occurrence of the alleged misconduct, unless the misconduct would, if proved in a court of law, constitute a felony or a Class A misdemeanor in which case disciplinary proceedings may be commenced at any time.

*Appellant's App. Vol. II* at 51. In the Hearing Officer's "Recommended Finding and Determination," he found that:

> Although, the case was heard beyond 2 years from the date of the occurrence of the alleged misconduct, [Thomas] did take the proper steps to commence disciplinary proceedings against [Hairston] within the 120 days from the date the alleged misconduct was discovered. He also continued to request updates, and discovery for his case throughout the process. Due to multiple turnovers in the Police Department, his case was lost or out on hold in the system.

*Appellant's App. Vol. III* at 226.

[11] The evidence presented at the hearing showed that the incident from which Thomas's allegations of misconduct by Hairston stemmed occurred on

December 22, 2010. Thomas filed his complaint alleging police harassment against Hairston with the City of Gary Police Department Internal Affairs Division on January 7, 2011. The City of Gary Police Department filed a Verified Complaint with the Commission against Hairston on April 12, 2011. On August 30, 2011, unbeknownst to Thomas, the City of Gary Police Department withdrew its Verified Complaint with the Commission and never notified Thomas of this withdrawal. After filing his complaint, Thomas regularly inquired of the City of Gary Police Department about the status of his complaint, but due to "multiple turnovers in the Police Department, his case was lost or out on hold in the system." *Id.* On September 22, 2014, Thomas filed his own Verified Complaint with the Commission alleging misconduct by Hairston. The Hearing Officer found Thomas's complaint to be timely filed, and the Commission affirmed this determination.

[12] The evidence supported the Commission's decision to affirm the Hearing Officer's determination. The incident precipitating these proceedings occurred on December 22, 2010. Thomas promptly filed a complaint with the City of Gary Police Department Internal Affairs Division on January 7, 2011, and the City of Gary Police Department filed a Verified Complaint with the Commission against Hairston on April 12, 2011, which dates were all within the 120 days required by the Commission's Rules. Although the City of Gary Police Department's complaint was later withdrawn from the Commission, Thomas was never notified, and he, thereafter, consistently inquired as to the status of the complaint, but was still not informed that the complaint had been

withdrawn. Therefore, although Thomas's later complaint was not filed until well after the 120-day time period set out in the Commission's Rules, it was not through his own lack of diligence. We find that the evidence supported the determination that Thomas's complaint was timely filed and that the Commission's decision was not arbitrary and capricious and was in accordance with the law. Accordingly, we conclude that the trial court properly denied Hairston's motion for summary judgment.[1]

Affirmed.

Najam, J., and Brown, J., concur.

---

[1] To the extent that Hairston raises an argument as to the merits of the Commission's decision to terminate and whether it was arbitrary and capricious, we conclude that he has waived any such argument for failure to make a cogent argument. *See* Ind. Appellate Rule 46(A)(8)(a); *Countrywide Home Loans, Inc. v. Holland*, 993 N.E.2d 184, 186 n.2 (Ind. Ct. App. 2013).